MILLIMAN v. AURAND.

1. TRIAL—MOTION FOR JUDGMENT ON PLEADINGS AND OPENING STATE-
MENT—EVIDENCE.

Evidence must be viewed most favorably to the party opposing
motion for a directed verdict or a motion for a judgment on
the pleadings and opening statement.

2. HIGHWAYS	AND	STREETS—PLEADING—DEFECTIVE	SIDEWALK—
DIRECTED VERDICT.

Record on appeal from order, granting motions by defendant
property owners and city for directed verdicts in actions by
husband and wife for injuries sustained by latter in fall on
broken, uneven, and debris-strewn sidewalk held, to disclose
allegations of breach of duties by the defendants which rea-
sonably might be the proximate cause of the injuries to the
wife and entitled plaintiffs to support their allegations by proof
(CLS 1956, § 242.1).

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted January 10, 1963. (Calendar Nos. 26, 27,
Docket Nos. 49,574, 49,575.) Decided February 7,
1963.

Consolidated cases by Earl Milliman and Kath-
arine Milliman against Floyd Maynard Aurand, in-
dividually and doing business as Red's Barber Shop,
Florence B. Aurand, and the city of New Baltimore,
a municipal corporation, for personal injuries sus-
tained and medical expense resulting from fall on de-
fective sidewalk. Directed verdict and judgments

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 349–351, 376–381.

for defendants. Plaintiffs appeal. Reversed and remanded for new trial.

*Adams & Wade (Ralph H. Adams,* of counsel), for plaintiffs.

*Alexander, Buchanan & Conklin (John A. Kruse,* of counsel), for defendants Aurand.

*Neale & Steeh,* for defendant city of New Baltimore.

Kavanagh, J. These are consolidated cases of Earl Milliman and Katharine Milliman, husband and wife, as plaintiffs, against the individual defendants and defendant city of New Baltimore, in the Macomb county circuit court, to recover for injuries suffered by Katharine Milliman because of a fall she sustained caused by a break in the sidewalk in front of Red's Barber Shop on Washington street in the city of New Baltimore on November 14, 1958.

The declarations allege there was a duty on the part of the individual defendants to maintain their sidewalk in a proper condition of repair; that a defective condition in the sidewalk existed prior to November 14, 1958; and that rain water draining from the roof and awnings of the building aggravated the existing defective condition and contributed in creating an uneven, broken, defective, depressed, and otherwise dilapidated sidewalk, which the defendants did not attempt to repair before November 14, 1958. It is alleged that this negligence was a proximate cause of the fall and injury of Katharine Milliman on the night in question.

The declarations further allege that the defendant city of New Baltimore had the obligation of keeping its streets in a reasonable condition of repair and

that it had notice of the defect in the sidewalk for a long period of time.

The individual defendants filed their answer denying they had any obligation to repair the sidewalk, and alleging that the city of New Baltimore had the obligation to do this.

The defendant city of New Baltimore filed an answer denying that it had notice of any defect in the sidewalk and alleging it had not violated its statutory duty with respect to proper repair of the walk.*

At the trial in the Macomb county circuit court, plaintiffs' counsel made an opening statement. In this statement he set forth the duties of the defendants, the alleged breach of those duties, and the causal connection of the negligence to the injuries suffered. Counsel stated substantially as follows:

"We claim that there is a statute here in the State of Michigan applying to the city of New Baltimore. * * * This statute states that the city of New Baltimore, other cities like it, shall keep their public walks fit and proper for the public to pass over, keep them in a fit and safe condition. Our claim, however, is that the city of New Baltimore did not maintain the sidewalk in a fit and safe condition, that they owed a duty to the public, including this plaintiff, to maintain it, but they did not do so. That they had this statutory duty and they violated this statutory duty to this plaintiff here, and that as a proximate result of their violation of this statute, and without any negligence on behalf of Katharine Milliman, she fell on the sidewalk and sustained injury, pain, suffering, hospital bills, all of which we say would even be permanent in the future. But you will hear expert testimony on that. * * *

"It is our claim, further, that the city of New Baltimore knew of a defective condition of this

---

* See CL 1948, § 242.1, as amended by PA 1951, No 19 (CLS 1956, § 242.1, Stat Ann 1958 Rev § 9.591).—REPORTER.

sidewalk for certainly a long period of time, a reasonable period of time, a defect that he will bring out in the evidence to show what it was. The defect we say caused Mrs. Milliman to fall. Our claim is that they had sufficient knowledge of this defect to do something about it. Yet, they never did so, never blocked off the sidewalk.

"The claim also is that the Aurands, including Floyd Aurand, doing business as Red's Barber Shop, had a certain awning in front of his building, and although he had knowledge and notice that there was a defect on an elevated area, slabs of concrete right out in front of his building, nevertheless, he had this awning put up sometime in January of 1958. There were no drains to it. This water would run off the awning and down on the already defective area, causing it to become further dilapidated, pebbles and stones to come out of the concrete.

"In regard to that, as to what it could do, we will have an expert here who will testify on that point. But we say simply that he should not have put the awning up in that fashion, with the knowledge and notice that there already was a defective condition in this sidewalk and then making it worse. So he had a duty to the plaintiff not to do that, that he violated that duty.  *  *  *

"Our claim is that 2 slabs of concrete—you know how slabs are upon one another. One slab was at least 2-1/2 to 3 inches higher than the other. It was flaked off, sloughed off at the top by people or other things that might have rolled over, walked over on top of it. That was recessed and had been there so long that some of the concrete was actually coming out from each slab that was raised; it was indentated there, and that there were bits of stones, pebbles out from this elevated area, claiming these pebbles and stones came from this elevated area.

"She (plaintiff Katharine Milliman) was thrown off balance by that and went down on her knee, which she went down right into this hole or elevated area. In fact, you will hear her testimony that as she was

laying there on the ground she felt pebbles in the elevated area. You will hear other testimony from the police officers as to what they found at the scene when they arrived, how long this elevated area has been there, how high it was, also about the pebbles. All of which we claim defendants' obligation was fixed. As a matter of fact, they did not maintain the sidewalk in a safe condition."

At the conclusion of the opening statement, all the defendants moved for judgment of no cause for action based on the opening statement, and the trial court granted the motions as a matter of law.

Plaintiffs are here alleging the lower court committed reversible error in holding as a matter of law that the defendants were entitled to a directed verdict in their favor at the close of plaintiffs' opening statement to the jury. It is plaintiffs' position that they have stated a cause of action in their pleadings. They further contend that the opening statement sufficiently informed the jury of this cause of action against each defendant.

It is the position of the individual defendants and defendant city that a cause of action was not stated. Defendants seem to rely upon the fact that only some gravel or pebbles caused Mrs. Milliman's fall, and that under the law the presence of such material would not be sufficient to impose upon either the individual defendants or defendant city an obligation to repair the sidewalk. Each defendant claims no duty to sweep sidewalks to keep off gravel and pebbles. They overlook the statement to the jury and the allegation with reference to the 2-1/2 to 3-inch depression in the sidewalk plus the permitting of water to drip over a long period of time onto the break in the sidewalk causing it to wash out, flake off and leave such debris that plaintiff fell as a result of trying to walk over the debris.

This Court has repeatedly held that on a motion for directed verdict the evidence must be viewed in the light most favorable to the party opposing the motion. To justify the taking of a case from the jury, the evidence must be such as to preclude any reasonable view establishing plaintiffs' claim for the right to recover. See *Budman* v. *Skore,* 363 Mich 458, and cases cited therein. These motions for a judgment on the pleadings and opening statement must be treated in the same manner.

The record submitted in this appeal discloses allegations of breach of duties by the defendants which reasonably might be the proximate cause of the injuries to plaintiff Katharine Milliman. Plaintiffs were entitled to attempt to support their allegations by proof.

The order granting defendants' motions for directed verdicts is set aside, and a new trial granted. Plaintiffs shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.