INGRAM *v.* CITY OF SAGINAW.

1. Mᴜɴɪᴄɪᴘᴀʟ Cᴏʀᴘᴏʀᴀᴛɪᴏɴs—Dᴇғᴇᴄᴛɪᴠᴇ ·Sɪᴅᴇᴡᴀʟᴋs—2-Iɴᴄʜ Rᴜʟᴇ.
   A depression in a sidewalk which does not exceed 2 inches in depth will not render a municipality liable for damages incident to an accident caused by such depression and the failure to keep the municipality's public streets in a reasonably safe condition for public travel (CLS 1961, § 242.1).

2. Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ—Rᴇᴍᴀɴᴅ—Dᴇғᴇᴄᴛɪᴠᴇ Sɪᴅᴇᴡᴀʟᴋ—Dᴇᴘᴛʜ ᴏғ Hᴏʟᴇ.
   Judgment for plaintiff in nonjury action against city for injuries alleged to have been sustained by plaintiff when she fell on a defective sidewalk is reversed for determination by the trial court as to the depth of the hole (CLS 1961, § 242.1).

3. Cᴏsᴛs—Pᴜʙʟɪᴄ Qᴜᴇsᴛɪᴏɴ—Rᴇᴍᴀɴᴅ—Dᴇᴘᴛʜ ᴏғ Hᴏʟᴇ ɪɴ Sɪᴅᴇᴡᴀʟᴋ.
   No costs are allowed on reversal of action by Court of Appeals wherein nonjury case is remanded for determination of depth of hole in allegedly defective city sidewalk, a public question being involved.

Appeal from Saginaw; O'Neill (James E.), J. Submitted Division 3 January 18, 1965, at Grand Rapids. (Docket No. 234.) Decided March 15, 1965.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 25 Am Jur, Highways §§ 348, 349.
[2] 25 Am Jur, Highways § 488.
   Degree of inequality in sidewalks which make question for jury or for court, as to municipality's liability. 119 ALR 161.
[3] 14 Am Jur, Costs § 91.

Declaration by Minnie Ingram against the City of Saginaw, a municipal corporation, for injuries arising out of a fall on defendant city's sidewalk. Judgment for plaintiff. Defendant appeals. Reversed and remanded for further proceedings.

*Joseph J. Trogan,* for plaintiff.

*W. Vincent Nash,* City Attorney, and *Francis B. Drinan,* Assistant City Attorney, for defendant.

FITZGERALD, P. J.   Magical numbers and mystical formulas which can mean the difference between recovery or sudden death of a plaintiff's cause of action have long plagued both the courts and attorneys of this State and nation.

No better example of precise legal standards in derogation of the judicial fact-finding process based on reasonableness can be found than Michigan's so-called "2-inch rule" which we find before us once again on its frequent examination by the process of appeal.

A long line of cases waiting to be dredged up by plaintiffs' attorneys as setting apart their case from the hard and fast decisions appear in every opinion previously written by the Supreme Court of this State. Defense attorneys, too, have relied on these same cases. The net result is that the law of the State of Michigan, in regard to the depth of a hole in a sidewalk which may result in an actionable case, has moved with a glacial quality, yet with hope springing eternal in the heart of every plaintiff whose case may survive the circuit court.

The facts in the instant case are scarcely controverted save for that one priceless ingredient which has toppled many a worthy cause, and has likewise discouraged litigation because of the predictable out-

come through the years. The missing factor: how deep was the hole?

The plaintiff here, Minnie Ingram, was 52 years of age at the time of the accident, and with her husband had stayed at the New Milo Hotel in the city of Saginaw for three nights while their own residence in that city was readied for occupancy. On the morning of June 2, 1962, she and her husband left the hotel, the plaintiff carrying a suitcase in one hand and a pocketbook and cosmetics bag in the other, headed for her car which was located a short distance west of the entrance to the hotel on the north side of Lapeer avenue. As she neared her car, she stepped into a depression or hole located in the sidewalk in front of the hotel, approximately 5 feet 10 inches south of the building and 6 feet 5 inches west of the western edge of the hotel entrance. She stepped into the hole or depression with her left foot, her ankle turned over, and she fell. The cause of her fall was stepping into this hole or depression. X rays were taken of her left ankle and right knee at the Saginaw Osteopathic Hospital. A cast was applied to her right leg and her left ankle was taped at the hospital. At the trial she complained of present pain in her spine, left leg, and right hand as a result of the fall. At the conclusion of the plaintiff's proof, a motion to dismiss on the ground that the defect in the sidewalk was less than 2 inches was made by defendant. This motion was denied. The motion was renewed at the close of all the testimony and again denied.

The trial court, sitting without a jury, awarded plaintiff a verdict of $12,840.65 upon which judgment was entered. Defendant brings this appeal.

On the face of the facts it would appear that plaintiff has set forth a reasonable cause of action that damages were indeed suffered and that she might

rightfully expect to recover on the theory that defendant had failed to keep a certain sidewalk, on which she fell, in reasonable repair and in a condition reasonably safe and fit for travel.

The reader will note in the above statement of facts that the essential element; *i. e.,* the depth of the hole into which plaintiff stepped, has significantly been omitted, for it is here where we enter into the realms of reasonable men differing, and of "tape measure justice."

We are at once struck with the variety of testimony on the depth of the hole into which plaintiff stepped. Indeed, to read the record alone we can conjure up a vision of plaintiff finding before her what ranged from a crack in the sidewalk to a gaping chasm. Much testimony was adduced that the depth of the hole was 1-3/4 inches, naturally bringing it within the purview of the numerous cases already decided by the Supreme Court of this State. Some witnesses stated it to range from 2-1/4 to 3-1/2 inches. Yet other testimony, by plaintiff's interpretation, stretches it even to a depth of 6-1/2 inches, depending on how it was measured. It is here that we must begin the often-trod trail through the decisions which led to Michigan's so-called 2-inch rule and which culminated in *Berry* v. *City of Detroit* (1955), 341 Mich 702, *Harris* v. *City of Detroit* (1962), 367 Mich 526, and *Milliman* v. *Aurand* (1963), 369 Mich 309, the principal cases presented in argument to the trial court.

The 2-inch rule, simply stated, is that a depression in a walk which does not exceed 2 inches in depth will not render a municipality liable under CL 1948, § 242.1, as amended by PA 1951, No 19, CLS 1961, § 242.1 (Stat Ann 1958 Rev § 9.591) for damages incident to an accident caused by such a depression.

Prior to *Bigelow* v. *City of Kalamazoo* (1893), 97 Mich 121, the question of whether the duty to

keep streets in reasonable repair had been performed generally was for the jury, taking into account all of the circumstances, including the location and size of the defect. In the *Kalamazoo Case,* the Court held that a 2- to 4-inch gap in a crosswalk could not be said to be a breach of this duty. The decision was based on the finding that the crosswalk was constructed in accordance with the requirements of the locality and was best adapted for the convenience of the public under existing conditions.

In *Weisse* v. *City of Detroit* (1895), 105 Mich 482, there was a rise in the walk from 1–1/2 to 2 inches in height, against which the plaintiff stumbled; it was held that the walk was reasonably safe as a matter of law. The "rule" comes from the Court's statement, found at p 486:

"If the plaintiff could recover in this case, every municipality would be compelled to exercise the most vigilant care over its streets to see that no rise of two inches occurred along the line of travel on side and crosswalks."

In *Jackson* v. *City of Lansing* (1899), 121 Mich 279, the plaintiff fell and was injured by stepping into a hole in a cement sidewalk. The hole, 1–1/2 to 2 feet in area and from 1–1/2 to 3 inches deep, was due to breaking and wear through the outer crust and into the grouting. The Court ruled that this defect was not one which rendered the walk not reasonably safe. Thus, the 2-inch rule began to become an established part of the jurisprudence of this State.

A depression in a cement sidewalk 1–7/8 inches deep was held not to be an actionable defect in *Bennett* v. *City of St. Joseph* (1906), 146 Mich 382. Without discussing the circumstances of the accident, the Court said:

"This Court has repeatedly held that depressions equal to, and deeper than, this and elevations constituting as great, or greater, obstructions than this depression, do not constitute negligence on the part of municipalities."

The 2-inch rule is still the law in the State. In *Berry* v. *City of Detroit* (1955), 341 Mich 702, a unanimous Court considered it controlling in the instance of a 1–1/4-inch defect. Likewise, the majority opinion in *Harris* v. *City of Detroit* (1962), 367 Mich 526, held that the trial court was correct in granting a motion to dismiss where the plaintiff alleged a defect of approximately one inch. As to the 2-inch rule, the opinion said (p 528):

"Plaintiff would have us abolish this long established rule of law without citing any reason or authority for the change in position. We find no reason. for doing so."

*Milliman* v. *Aurand* (1963), 369 Mich 309, offered the Court no opportunity to abolish the rule. The defect alleged by plaintiff was a 2–1/2- to 3-inch depression. In ruling that the plaintiff had stated a cause of action, the Court made no mention of the 2-inch rule. Clearly, the 2–1/2- to 3-inch defect removed the case from the limits of the 2-inch rule.

Dissenting opinions over the years have decried the 2-inch rule and furnished cogent reasons why it should no longer be the law of this State. Of particular interest in this light is the dissent by ADAMS, J., in *Harris* v. *City of Detroit* in which he states, *inter alia* (p 533):

"Mr. Justice T. M. KAVANAGH has correctly stated the present status of this judge-made rule of law. Under the long line of decisions of this Court, if the rule of *stare decisis* is to be applied, an order granting the motion to dismiss and affirming the trial court should be entered. However, this judge-made

rule of law, perhaps proper when it was conceived, is applicable to other times and other conditions which have long since faded from our present Michigan scene of super-highways, super-markets and super-cities."

In the instant case, the record discloses that the plaintiff failed to allege any other facts which might have taken her case out of the 2-inch rule and yet she may not have lost the day. A variety of testimony as to the depth of the hole or depression was presented and yet it was never determined just how deep the hole was. Twice the court chose to reject a motion to dismiss on the ground that the depression was less than 2 inches, and hence not actionable. *Milliman* v. *Aurand,* relied on by the trial court, does not furnish any reason for recovery by the plaintiff since the defect in that case was greater than 2 inches.

Plaintiff's rescue from the 2-inch rule is the fact that the record nowhere discloses a determination by the trial court as to the depth of the hole. Until this is done, no appellate court can decide whether the 2-inch rule shall apply or not. Justice and an orderly application of law requires this determination. That decision may also decide this appeal.

For the reason stated, the case is remanded to the circuit court for further proceedings in accordance with this opinion. No costs, a public question being involved.

Burns and Holbrook, JJ., concurred.