INGRAM *v.* CITY OF SAGINAW.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—MEASUREMENT
   OF DEPTH OF HOLE.
   Measurement of the depth of a hole in a sidewalk should not
   include slope of the sidewalk adjacent to the depression in
   determining the depth of the hole, where the sloping part of
   the sidewalk bore no causal relation to injuries of plaintiff
   who sought damages from municipal corporation in which the
   defective sidewalk was located (CLS 1961, § 242.1).

2. SAME—SIDEWALKS—DRAINAGE.
   Cities need not keep sidewalks and streets on an exact level,
   proper drainage being necessary.

3. SAME—DEFECTIVE SIDEWALK—HOLE—SLOPE—PROXIMATE CAUSE.
   Defendant city in action for injuries sustained by plaintiff who
   turned her ankle when she fell in a 31″ x 34″ hole 1–3/4 inches
   deep, as measured from edge of hole in sidewalk *held*, not liable
   as a matter of law, where the slope in the adjacent sidewalk
   had no causal relationship to her fall, application of the 2-inch
   rule barring recovery (CLS 1961, § 242.1).

4. COSTS—PUBLIC QUESTION—MUNICIPAL CORPORATIONS—DEFECTIVE
   SIDEWALK.
   No costs are allowed in action against city for injuries sustained
   by fall on a sidewalk, alleged to be defective, a public question
   being involved (CLS 1961, § 242.1).

Appeal from Saginaw; O'Neill (James E.), J.
Submitted Division 3 February 9, 1966, at Grand

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 25 Am Jur, Highways and Streets § 488.
 Degree of inequality in sidewalk which makes question for jury
    or for court, as to municipality's liability.  37 ALR2d 1187.
 Existence of actionable defect in street or highway proper question
    for court or for jury.  1 ALR3d 496.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

Rapids. (Docket No. 955.) Decided May 24, 1966. Leave to appeal granted by Supreme Court July 26, 1966. See 378 Mich 725, 380 Mich 547.

Declaration by Minnie Ingram against the City of Saginaw, a municipal corporation, for injuries sustained out of fall on defendant city's sidewalk. Judgment for plaintiff. Defendant appeals. Reversed and remanded for further proceedings. See 1 Mich App 36. Judgment for plaintiff. Defendant appeals. Reversed.

*Joseph J. Trogan,* for plaintiff.

*Smith, Brooker, Harvey & Cook (Francis B. Drinan,* of counsel), for defendant.

HOLBROOK, P. J. Plaintiff brought action under the proper statute[1] against defendant municipal corporation for injuries suffered in a fall on defendant city's sidewalk. The case was heard by the circuit judge without a jury and resulted in a judgment for plaintiff against defendant. The defendant appealed and this Court with Judge FITZGERALD writing the opinion,[2] remanded the case to the trial court for a determination or finding of fact as to the depth of the hole that caused plaintiff to fall.

The learned trial judge in accord with the remand after hearing argument of counsel stated on the record the following:

"In view of the statements made by counsel here this morning, it would seem to this court that the record in this case should be reconsidered by the Court of Appeals because it is evident from the opinion filed by the Court of Appeals that it is assuming

---

[1] PA 1909, No 283, as amended. CLS 1961, § 242.1 (Stat Ann 1958 Rev § 9.591).

[2] *Ingram* v. *City of Saginaw* (1965), 1 Mich App 36.

that there is only one way in which a sidewalk may be defective and that is to have a hole in it.

"I have heard the testimony in this case, I have reviewed my trial notes, and I have reviewed what arguments were presented to this court after it had made its decision, and this record presents to this Court a matter of a defective slab of cement in this sidewalk, which was cracked from the building to the curb, about midway between the edges; that along this crack the sidewalk was depressed and it may be inferred from the testimony that this depression was present for sufficient time to permit the elements, water, ice, sunshine, wind, to cause a hole to be formed, which when measured from the edges of said hole, the hole itself is 1 and 3/4 inches deep, but that measurement fails to take into consideration the depression from the level of the sidewalk, which if Officer Jambor's testimony is accepted, is over 6 inches.

"*By Mr. Drinan:* May I say something, Your Honor?

"*Court:* Yes.

"*By Mr. Drinan, continuing:*

"If you will recall, Your Honor, that 6 inches was the height of the foundation on which the building rested. The lowest point, it wasn't zero to 6 inches, it was 2 and 1/2 to 3 inches at its lowest point, so that would be a difference of about 3 and 1/2 inches.

"*Court, continuing:*

"Let's say, Mr. Drinan, 3 inches. If we accept Officer Jambor's testimony, the hole was 3 inches deep. If we accept the measurement made by Mr. Sleeseman, who occupied the hotel, ran it, which was taken at some point from the edge of the hole to the level of the sidewalk, the hole is 2 and 1/4 inches deep.

"Now, then, in this court's opinion, this not only presents a defective sidewalk with a hole but it also presents a defective sidewalk which was cracked and which had a depression in it, which ran from the curb back to the building, about midway in the center of the cement slab. So it would seem to this

court that the only logical way to measure the hole would be from the level of the sidewalk. That is the standard. The level of the sidewalk would be the standard. Now the measurement made by the city of Saginaw didn't take into consideration that standard. The measurement made by the city of Saginaw was from the edge, the actual edge of the hole, so it is somewhere between 2 and 1/4 and 3 inches deep, and if you take the measurement by Officer Jambor it is 3 inches deep, and if you take the measurement made by Mr. Sleeseman it is 2 and 1/4 inches deep, and I'm sure either one of these standards are correct ones rather than from the edge of the hole, because here we have a hole and a depressed sidewalk, and it seems to this court that on all of the testimony and the record as it is before this court and before the Court of Appeals the plaintiff is entitled to a verdict and judgment as has already been entered by this court, and I don't think there is any justification, I respectfully think there is no justification for assuming that the only kind of a defect you can have in a sidewalk is a hole, because in this case we have a hole, plus, and that was what impelled this Court to find as it did."

Thereupon judgment was entered for plaintiff against defendant. Defendant again appeals.

The facts are briefly and clearly stated by Judge FITZGERALD in the first opinion on p 38 as follows:

"The plaintiff here, Minnie Ingram, was 52 years of age at the time of the accident, and with her husband had stayed at the New Milo Hotel in the city of Saginaw for three nights while their own residence in that city was readied for occupancy. On the morning of June 2, 1962, she and her husband left the hotel, the plaintiff carrying a suitcase in one hand and a pocketbook and cosmetics bag in the other, headed for her car which was located a short distance west of the entrance to the hotel on the north side of Lapeer avenue. As she neared her

car, she stepped into a depression or hole located in the sidewalk in front of the hotel, approximately 5 feet 10 inches south of the building and 6 feet 5 inches west of the western edge of the hotel entrance. She stepped into the hole or depression with her left foot, her ankle turned over, and she fell. *The cause of her fall was stepping into this hole or depression."* (Emphasis supplied.)

The theory of plaintiff on the trial in the circuit court was based upon the premise that the hole in the sidewalk was the cause of plaintiff's fall and her resulting injuries. Counsel for plaintiff in his opening statement to the court said in part:

"We will show, Your Honor, that if a level is placed across the depression in such a manner that it is even, so the bubble were to be in the center of the level, the depression would be 2 and 1/4 inches because the surrounding section of sidewalk around the depression also has a slope or grade to it, Your Honor, to the actual depression, the step into the depression by Mrs. Minnie Ingram, we claimed, is the actual cause of her injuries and damages."

The plaintiff, Mrs. Minnie Ingram, testified in part as follows:

"*Q.* And you stepped right into the middle of the hole?
"*A.* Yes, sir.
"*Q.* That is what caused you to fall?
"*A.* Yes, sir."

The slab of sidewalk in which the hole was present was 7 feet 1–1/2 inches east and west and 8 feet 3 inches north and south in size. The depression or hole from edge to edge was 31 inches east and west and 34 inches north and south.

The surrounding sidewalk sloped toward the hole. As the learned trial judge stated in his findings, using the extreme edges of the hole or depression

in measuring the depth of the hole it was at its deepest point, 1–3/4 inches. The testimony indicated that this fact was true no matter how the depth of the hole was measured; *i.e.*, starting at any point on the edge outside of the hole and placing a level to the opposite edge outside of the hole the greatest depth obtainable was the said 1–3/4 inches.

The only manner of measuring the depth of the said hole and obtaining a reading of more than 2 inches was by either using a longer level so that it would extend on to higher portions of the sidewalk in one or both directions, or by placing one end of the level at a point so that when it was held at exact level over the hole it would measure a greater depth than actually present.

We know of no rule of law that requires a city to have its sidewalks and streets on an exact level, in fact most sidewalks and streets are not placed on a true level so as to provide for proper drainage.

There is no claim of the plaintiff supported by evidence that Mrs. Ingram was caused to fall by reason of the sidewalk slightly sloping towards the depression or that the cracks away from the hole caused the fall. The plus elements spoken of in the learned trial judge's finding of facts are not applicable herein because they had no causal relationship to plaintiff's fall.

In measuring the depth of the hole, the slope of the sidewalk adjacent to the depression should not have been considered by the trial judge in determining the depth of the hole.

We conclude that the case at hand is governed by the case of *Berry* v. *City of Detroit* (1955), 341 Mich 702, wherein the facts are somewhat analogous. Therein, defendant's sidewalk contained a jagged and irregular shaped hole which was 1–1/4 inches deep at the point where plaintiff tripped and fell but was 3 to 4 inches deep in the center some dis-

tance away.   There being no causal connection between plaintiff's fall and the part of the hole more than 2 inches in depth the court in applying the 2-inch rule denied plaintiff relief.   Also, see *Harris* v. *City of Detroit* (1962) 367 Mich 526.

The judgment of the trial court is reversed.   No costs, a public question being involved.

BURNS and McGREGOR, JJ., concurred.