## INGRAM v. CITY OF SAGINAW.

### OPINION OF THE COURT.

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—2-INCH RULE.
   A municipal corporation responsible for maintaining sidewalk is not liable for damages to a pedestrian caused by hole in the sidewalk that is less than 2 inches in depth (CLS 1961, § 242.1).

2. SAME—DEFECTIVE SIDEWALK—MEASUREMENT OF DEPTH OF HOLE.
   Measurement of depth of a hole in a sidewalk is made from the edge of the hole to the bottom of the hole and should not include slope of adjoining sidewalk, in pedestrian's action against municipal corporation responsible for maintaining sidewalk (CLS 1961, § 242.1).

3. SAME—DEFECTIVE SIDEWALK—SLOPE—PROXIMATE CAUSE.
   Slope of sidewalk may not be made the basis of recovery in action against municipal corporation responsible for maintaining sidewalk, where the slope bore no causal relation to pedestrian's personal injuries (CLS 1961, § 242.1).

4. COSTS—PUBLIC QUESTION—PEDESTRIAN—DEFECTIVE SIDEWALK.
   No costs are allowed in action against city for injuries sustained by pedestrian when she fell because of hole in public sidewalk less than 2 inches deep, a public question being involved (CLS 1961, § 242.1).

 ### SEPARATE OPINIONS.

### T. M. KAVANAGH and O'HARA, JJ.

5. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK.
   *Nonliability of a municipal corporation, responsible for maintaining a sidewalk, ought not be predicated upon the fact that a hole in the sidewalk may have been less than 2 inches in depth (CLS 1961, § 242.1).*

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5] 39 Am Jur 2d, Highways §§ 486, 487.
[3] 39 Am Jur 2d, Highways §§ 463, 464.
[4] 5 Am Jur 2d, Appeal and Error § 1009.

Appeal from Court of Appeals, Division 3; Holbrook, P. J., and Burns and McGregor, JJ., reversing Saginaw, O'Neill (James E.), J. Submitted April 2, 1968. (Calendar No. 5, Docket No. 51,509.) Decided May 6, 1968.

3 Mich App 371, affirmed.

Declaration by Minnie Ingram against City of Saginaw, a municipal corporation, for damages arising out of a fall on defendant city's sidewalk. Judgment for plaintiff. Defendant appealed. Remanded by Court of Appeals for further proceedings. See 1 Mich App 36. Judgment for plaintiff. Defendant appealed. Reversed by Court of Appeals. Plaintiff appeals. Court of Appeals affirmed.

*Joseph J. Trogan,* for plaintiff.

*Smith, Brooker, Harvey & Cook* (*Francis B. Drinan,* of counsel), for defendant.

ADAMS, J. Plaintiff Minnie Ingram, aged 52, had been lodging at the New Milo Hotel in Saginaw for a few days. While moving out on Saturday morning, June 2, 1962, she was injured by a fall on the sidewalk in front of the hotel. At the time, she was carrying a suitcase, her pocketbook, and a cosmetic bag to the car which her husband had parked at the curb. She received serious and painful injuries.

Plaintiff's suit was brought under PA 1909, No 283, chap 22, § 1, as amended (CLS 1961, § 242.1 [Stat Ann 1958 Rev § 9.591]), subsequently repealed by PA 1964, No 170, effective July 1, 1965. The case was tried by the court without a jury and

resulted in a judgment for the plaintiff. In his original opinion, the trial court found:

"On consideration of the testimony and the authorities submitted, this court is of the opinion that the plaintiff has established negligence on the part of the defendant and that the record is controlled by the decision in the *Milliman Case* [*Milliman* v. *Aurand,* 369 Mich 309]."

On appeal, the Court of Appeals remanded for further proceedings by the trial judge to determine the depth of the hole in the allegedly defective city sidewalk. 1 Mich App 36.

Upon remand, the court found:

"In view of the statements made by counsel here this morning, it would seem to this court that the record in this case should be reconsidered by the Court of Appeals because it is evident from the opinion filed by the Court of Appeals that it is assuming that there is only one way in which a sidewalk may be defective and that is to have a hole in it.

"I have heard the testimony in this case, I have reviewed my trial notes, and I have reviewed what arguments were presented to this court after it had made its decision, and this record presents to this court a matter of a defective slab of cement in this sidewalk, which was cracked from the building to the curb, about midway between the edges; that along this crack the sidewalk was depressed and it may be inferred from the testimony that this depression was present for sufficient time to permit the elements, water, ice, sunshine, wind, to cause a hole to be formed, which when measured from the edges of said hole, the hole itself is 1 and 3/4 inches deep, but that measurement fails to take into consideration the depression from the level of the sidewalk, which if Officer Jambor's testimony is accepted, is over 6 inches.

"*By Mr. Drinan:* May I say something, Your Honor?

"*Court:* Yes.

"*By Mr. Drinan,* continuing:

"If you will recall, Your Honor, that 6 inches was the height of the foundation on which the building rested. The lowest point, it wasn't zero to 6 inches, it was 2-1/2 to 3 inches at its lowest point, so that would be a difference of about 3 and 1/2 inches.

"*Court,* continuing:

"Let's say, Mr. Drinan, 3 inches. If we accept Officer Jambor's testimony, the hole was 3 inches deep. If we accept the measurement made by Mr. Sleeseman, who occupied the hotel, ran it, which was taken at some point from the edge of the hole to the level of the sidewalk, the hole is 2-1/4 inches deep.

"Now, then, in this court's opinion, this not only presents a defective sidewalk with a hole but it also presents a defective sidewalk which was cracked and which had a depression in it, which ran from the curb back to the building, about midway in the center of the cement slab. So it would seem to this court that the only logical way to measure the hole would be from the level of the sidewalk. That is the standard. The level of the sidewalk would be the standard. Now the measurement made by the city of Saginaw didn't take into consideration that standard. The measurement made by the city of Saginaw was from the edge, the actual edge of the hole, so it is somewhere between 2-1/4 and 3 inches deep, and if you take the measurement by Officer Jambor it is 3 inches deep, and if you take the measurement made by Mr. Sleeseman it is 2-1/4 inches deep, and I'm sure either one of these standards are correct ones rather than from the edge of the hole, because here we have a hole and a depressed sidewalk, and it seems to this court that on all of the testimony and the record as it is before this court and before the Court of Appeals the plaintiff is entitled to a verdict and judgment as

has already been entered by this court, and I don't think there is any justification, I respectfully think there is no justification for assuming that the only kind of a defect you can have in a sidewalk is a hole, because in this case we have a hole, plus, and that was what impelled this court to find as it did."

On the second appeal, the Court of Appeals reversed the trial judge (3 Mich App 371) and held for the defendant, saying (pp 375, 376):

"The surrounding sidewalk sloped toward the hole. As the learned trial judge stated in his findings, using the extreme edges of the hole or depression in measuring the depth of the hole it was at its deepest point, 1-3/4 inches. The testimony indicated that this fact was true no matter how the depth of the hole was measured; *i.e.,* starting at any point on the edge outside of the hole and placing a level to the opposite edge outside of the hole the greatest depth obtainable was the said 1-3/4 inches.

"The only manner of measuring the depth of the said hole and obtaining a reading of more than 2 inches was by either using a longer level so that it would extend on to higher portions of the sidewalk in one or both directions, or by placing one end of the level at a point so that when it was held at exact level over the hole it would measure a greater depth than actually present.

"We know of no rule of law that requires a city to have its sidewalks and streets on an exact level, in fact most sidewalks and streets are not placed on a true level so as to provide for proper drainage.

"There is no claim of the plaintiff supported by evidence that Mrs. Ingram was caused to fall by reason of the sidewalk slightly sloping towards the depression or that the cracks away from the hole caused the fall. The plus elements spoken of in the learned trial judge's finding of facts are not applicable herein because they had no causal relationship to plaintiff's fall.

"In measuring the depth of the hole, the slope of the sidewalk adjacent to the depression should not have been considered by the trial judge in determining the depth of the hole."

The testimony of Mrs. Ingram, who was the only person to testify as to the cause of the accident, is as follows:

(*On direct examination*) "*Q.* Can you tell us what happened on Saturday morning, June 2, 1962?

"*A.* We had not checked out with our key, so we went back to the hotel to get our things, we had left there, and as I walked out with my suitcase and pocketbook, other things in my other hand, cosmetic bag, I stepped in a hole as I was going to the car.

"*Q.* Where was this hole located?

"*A.* In front of the New Milo Hotel.

"*Q.* Can you tell us what happened after you stepped into the hole?

"*A.* Well, I went down flat, I had no control, and my leg turned, and after I fell, it knocked the wind out of me and I couldn't cry for help.　*　*　*

"*Q.* Mrs. Ingram, going back to when you stepped into the depressed section of the sidewalk, back there on June 2, 1962, do you recall what foot you used when you stepped into the hole?

"*A.* My first step was with my left foot.

"*Q.* And what happened to your left foot?

"*A.* I stepped in the middle of it, and it seemed deep, and my ankle just went over when I went down."

(*On cross-examination*) "*Q.* And you stepped right in the middle of the hole?

"*A.* Yes, sir.

"*Q.* That is what caused you to fall?

"*A.* Yes, sir."

The 2-inch rule was affirmed in *Berry* v. *City of Detroit* (1955), 341 Mich 702. In *Harris* v. *City of Detroit* (1962), 367 Mich 526, the writer of this

opinion reviewed the genesis and development of the 2-inch rule in Michigan and maintained that cases upholding the rule ought no longer to be followed. A majority of the Court did not concur. Even though the writer of this opinion is still of this view, I defer to the majority's decision in *Harris*—there being no present disposition by a majority of the Justices to reverse the holding in that case.

We agree with the Court of Appeals that the causal relationship between the depressed sidewalk and plaintiff's fall was not made out by the proofs and that, since the hole which did cause plaintiff's injuries was less than 2 inches deep, the judgment of the trial court must be reversed.

No costs, a public question being involved.

DETHMERS, C. J., and KELLY, BLACK, SOURIS, and BRENNAN, JJ., concurred with ADAMS, J.

O'HARA, J. (*concurring*). I write this separate concurrence with Justice ADAMS only to indicate that I too am unsympathetic to the so-called "2-inch" rule. I was not a member of the Court when it was adopted and favor its abandonment.

T. M. KAVANAGH, J. (*concurring*). I am ready to sign an opinion which abolishes the "2-inch" rule. I write this separate concurrence with Justice ADAMS only to record that fact.