LEACH *v.* FISHER BODY DIVISION OF GENERAL MOTORS CORP.

1. WORKMEN'S COMPENSATION — HERNIA — DISABILITY — CHANGE OF CONDITION.

Finding of department of labor and industry that employee had suffered no compensable disability for nearly three years following injury resulting in hernia *held,* to bar award of compensation in the absence of a showing that his condition had become worse.

2. SAME — FINDING OF DEPARTMENT — HEAVY MANUAL LABOR — CABINETMAKER.

Finding that hernia of cabinetmaker was disabling to the extent that he should not engage in heavy manual labor and that operative repair was necessary *held,* not to justify award of $18 per week, maximum compensation payable, in absence of showing that his work involved heavy manual labor, especially where record does disclose he has carried on his occupation for nearly three years with increased wages.

Appeal from Department of Labor and Industry. Submitted June 24, 1937. (Docket No. 80, Calendar No. 39,540.) Decided November 10, 1937.

Charles Leach presented his claim for compensation against Fisher Body Division of General Motors Corporation for personal injuries sustained in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Berger, Manason & Barris (Dan A. Manason,* of counsel), for plaintiff.

*J. G. Stevenson* and *E. C. McDonald,* for defendant.

WIEST, J. On November 15, 1933, while in the employ of defendant as a woodworker or cabinetmaker, plaintiff was engaged in carving a piece of wood with a drawknife when it slipped out of the vise and struck him in the right groin causing a hernia, but not of a disabling character as he kept on in the employment.

The department found:

"That he was paid 80 cents an hour at the time of the accident and continued earning the same wage until he was laid off along with other employees in June, 1934, and when he returned to work in December, 1934, he received 90 cents an hour until he was laid off and when he was rehired, he earned $1.07 per hour. The record also shows that during these periods which plaintiff worked, he was doing his regular work, though he did feel some pain from the herniation.

"Our files show that plaintiff also suffered an accidental injury on April 9, 1936, while in defendant's employ resulting in a sprain of the left knee,

for which he was paid compensation for total disability from May 12, 1936 to July 30, 1936.

"There is no showing in the record that plaintiff was laid off at any time because of any disability prior to May 12, 1936. The fact that plaintiff engaged in his regular work and was paid the same wages and higher wages than he received at the time of the accident, clearly establishes plaintiff had no compensable disability. The compensation act does not guarantee an employee steady employment and this department takes cognizance of the fact that economic conditions necessitate an employer laying off men during slack periods.

"Plaintiff is not entitled to receive compensation during those periods he was laid off and is not entitled to further compensation for the injury to his left knee than that which he has been paid.

"The medical testimony shows plaintiff has a hernia at the present time and this hernia is disabling to the extent that plaintiff should not engage in heavy manual labor; that operative repair is necessary. Under these circumstances, we find plaintiff should be paid compensation at the rate of $18 per week partial disability from July 31, 1936, until the further order of the department."

The specific finding that up to July 30, 1936, plaintiff had had no compensable disability on account of the hernia sustained in November, 1933, barred compensation in the absence of a showing that his condition had become worse.

The finding that the "hernia is disabling to the extent that plaintiff should not engage in heavy manual labor" and "that operative repair is necessary," under the previous mentioned finding, did not authorize the compensation awarded. The record does not show that plaintiff's work as a cabinet-maker involves heavy manual labor. But, even if

it did, he carried on that occupation for nearly three years with increased wages before he applied for compensation.

The award is vacated, with costs.

FEAD, C. J., and NORTH, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUTZEL, J., did not sit.