GARCH *v.* KELSEY-HAYES WHEEL COMPANY.

1. Appeal and Error—Statement of Questions Involved—Questions Reviewable.

Question as to whether plaintiff's disablement from hernia was not clearly recent in origin, promptly reported to the defendant employer, not having been raised or necessarily suggested in appellant's statement of questions involved, is not considered by Supreme Court (CL 1948, § 417.1; Court Rule No 67, § 1 [1945]).

2. Same—Questions Reviewable—Briefs.

Failure of appellant's brief to raise question as to whether plaintiff's disability from hernia was an aggravation of a

References for Points in Headnotes

[1, 2] 3 Am Jur, Appeal and Error, §§ 695, 765, 821.
[2-5] 58 Am Jur, Workmen's Compensation, § 255.
[3-5] 58 Am Jur, Workmen's Compensation, §§ 281-283.

pre-existing hernia precludes consideration of such question by Supreme Court.

3. WORKMEN'S COMPENSATION—HERNIA—DATE OF DISABILITY.
   In awarding compensation for a hernia under the occupational disease amendment of the workmen's compensation act, the date of disability is controlling (CL 1948, § 417.1).

4. SAME—HERNIA—TOTAL DISABILITY—EVIDENCE.
   Statement in opinion of workmen's compensation commission that plaintiff who worked after both he and the employer had knowledge of his third recurrent hernia should not be required to return to work that was hazardous to him merely because of possibility of strangulation is not concurred in on appeal but award is affirmed nonetheless where commission expressly found plaintiff totally disabled by reason of his bilateral hernia and evidence amply sustains such finding.

5. SAME—HERNIA—TOTAL OR PARTIAL DISABILITY.
   A hernia, to be compensable under the workmen's compensation act, must wholly or partially incapacitate the employee from work.

Fred Garch presented his claim for compensation against Kelsey-Hayes Wheel Company for hernia sustained while in its employ.  Award to plaintiff.  Defendants appeal.  Affirmed.

*Rothe, Marston, Edwards & Bohn,* for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant.

BOYLES, C. J.   June 16, 1948, plaintiff filed with the workmen's compensation commission an application for hearing and adjustment of a claim for compensation for "recurrent bilateral hernia," giving

the date of discovery as March, 1948. The application states:

"That the injury or disablement occurred at Detroit, Wayne county, Michigan and in the following manner: Strain caused by heavy work (operated on for hernia, March, 1945. Operated on for recurrent hernia, April, 1946); Last day worked, April 9, 1948; daily wage at time of injury or disablement, $10.48; weekly earnings, $52.40."

Testimony showed that the plaintiff started to work for the defendant in 1942, that plaintiff sustained a bilateral hernia in 1944, while working for the defendant, which was operated and compensation paid; that he went back to work for the defendant, that in 1946 he had a recurrence of the hernia, was again paid compensation, operated upon, and went back to work for the defendant at his usual heavy work. Within a week or two thereafter plaintiff began to have pains in the region of the hernia, and from that time on plaintiff felt such pain and wore a truss. Plaintiff had a recurrent hernia in 1948, went into a hospital in January, refused to submit to another operation, went back and worked for defendant until April 9th, was disabled from April 9th to June 23d, returned to work for the defendant at a lighter job from June 24th to August 23d, and has been laid off ever since that date. He attempted to find work at several places elsewhere but was unsuccessful because he wore a truss. Medical examination in October, 1948, established that plaintiff had a bilateral hernia "below the scar," that he was a very poor surgical risk because the tissues were not so elastic on account of plaintiff's age and a third operation might not hold.

The deputy awarded plaintiff compensation for total disability from September 9, 1948, to November 19, 1948, and for partial disability thereafter at the

same rate until further order of the commission. On review, the commission affirmed the award, and the defendant appeals.

The question is not raised or necessarily suggested in appellant's statement of questions involved, on this appeal, that plaintiff's disablement was not clearly recent in origin, promptly reported to the employer, within the meaning of section 1, pt 7, of the workmen's compensation law; * hence, that question is not considered. Court Rule No 67, § 1 (1945). Nor is the question here raised in appellant's brief as to an aggravation of a pre-existing hernia. See *Hargrove* v. *Ford Motor Co.,* 313 Mich 199; *Kasarewski* v. *Hupp Motor Car Corp.,* 315 Mich 225. The last day on which plaintiff worked was August 23, 1948. In the awarding of compensation, the date of disability is controlling. *Baughman* v. *Vicker's, Inc.,* 323 Mich 710.

The basis on which appellant claims that the commission affirmed the award, quoting from its opinion, was as follows:

"He could continue to do this type of work until such time as the work might cause a strangulation. It is, however, inadvisable for him to do so because of such possibility of strangulation. He should not return to any work except light work. We do not believe that the plaintiff should be obliged to return to work which is hazardous to his life and health merely because he has been fortunate in 'getting by' with hazardous employment in the past."

Defendant seeks to have the award set aside on the ground that the granting of compensation cannot be based upon "speculation as to what 'might possibly happen in the future,'" (*i.e.,* strangulation of hernia). Obviously, the quoted language in the

---

* PA 1912 (1st Ex Sess), No 10, pt 7, § 1, as added by PA 1937, No 61, and amended by PA 1943, No 245 (CL 1948, § 417.1 [Stat Ann 1949 Cum Supp § 17.220]).

findings of the commission to which appellant refers is merely a conclusion or an expression of an opinion and not a finding of facts. We need not concur in the expression. In its opinion, however, the commission did expressly find "that the plaintiff is totally disabled by the reason of his bilateral hernia and that he is entitled to compensation for total disability as awarded by the deputy commissioner."

Defendant relies on *Leach* v. *Fisher Body Division of General Motors Corp.*, 281 Mich 626, where the plaintiff continued at the same work for 3 years after he sustained a hernia. There was no showing that the cabinet work, in which the plaintiff was engaged, required heavy manual labor. The Court held that the injury was not compensable since plaintiff had failed to show a disablement from earning full wages at the work in which he was engaged at the time the hernia occurred. In the instant case, there was ample testimony to support the finding of the commission to the contrary.

There is testimony to support the conclusion that plaintiff's hernia disables him from performing the work in which he had been engaged. The commission so found, and by its order affirmed the award of the deputy, which was for total disability for about 10 weeks and then for partial disability until the further order of the commission. The amount of the award—$21 per week—is not in dispute. Hernia "is compensable if and when it wholly *or partially* incapacitates the employee from work." *Paridee* v. *Great Atlantic & Pacific Tea Co.*, 278 Mich 191. Our decision in the instant case is in harmony with

our conclusions in *Kadykowski* v. *Briggs. Manfg. Co.,*
304 Mich 503.
    Affirmed.

    REID, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ.,
concurred with BOYLES, C. J. NORTH and DETHMERS,
JJ., concurred in the result.