LeRoy Donovan, Respondent, v. Lawrence C. Bender et al., Appellants.— In an action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Queens County, entered July 9, 1959, after a jury trial, in favor of the plaintiff. Plaintiff, a pedestrian, was proceeding along a public passageway when he came to an obstruction caused by mounds of sand upon the passageway and extending into the roadway. The premises in front of this passageway were owned by the corporate defendant, Lorain Manor, Inc. The evidence indicates the sand mounds were placed there by it or its agents. Plaintiff was obligated to go on to the roadway and while there was struck by a motor vehicle owned and operated by defendant Bender. Judgment affirmed, with costs. (Cf. *O'Neill* v. *City of Port Jervis*, 253 N. Y. 423.) Nolan, P. J., Christ, Pette and Brennan, JJ., concur; Ughetta, J., concurs in the affirmance of the judgment as to defendant Bender, but dissents from the affirmance as to the corporate defendant and, as to such defendant, votes to reverse the judgment and to dismiss the complaint, with the following memorandum: If plaintiff's version be accepted as true, as it was by the jury, the obstruction of the sidewalk by the corporate defendant was not a proximate cause of the happening of the accident. By reason of the obstruction plaintiff was skirting mounds of sand 6 feet out into a roadway which was 35 feet wide. According to plaintiff he was overtaken and struck by defendant Bender who was also proceeding westerly and had veered to the left or south and wrong side of the avenue. This was gross negligence of a nature which was the sole proximate cause of the accident. The facts in the *O'Neill* case (227 App. Div. 740, revd. 253 N. Y. 423), as gleaned from the bound case on appeal, are substantially different. In *O'Neill* the accident occurred at a confluence of two streets (Jersey Avenue and Front Street) as they ran from the south. At this merger the common width was 55.5 feet consisting of 22.9 feet from the easterly curb of Front Street to trolley tracks five feet wide with a width therefrom of 27.6 feet to the curb of Jersey Avenue. The obstruction jutted out to within four feet of the trolley tracks. The 22-month-old girl and her father were proceeding southerly and were forced further out into the roadway by persons coming from the south. They were in the middle of this combined roadway. A car proceeding northerly, on its side of the road, struck the child. In the instant case, according to plaintiff, defendant Bender came across the centre line and struck him from the rear without warning. Under all the circumstances, there is no actionable negligence on the part of the corporate defendant.