BUDMAN v. SKORE.

1. Negligence—Storekeepers—Floors—Evidence.
   Evidence adduced on issue of defendant storekeeper's negligence *held,* sufficient to present such issue to jury, under record presented in customer's action for injury to ankle as she slipped on floor while passing through rear room to back door not generally used by store patrons.

References for Points in Headnotes
[1] 38 Am Jur, Negligence §§ 133, 332.
[2] 53 Am Jur, Trial § 357.
[3] 53 Am Jur, Trial § 366.
[4] 38 Am Jur, Negligence §§ 133, 332, 335.
   Liability of proprietor of store for fall on floor made slippery by washing or cleaning. 63 ALR2d 694.
   Liability of proprietor of store for injury from fall on floor made slippery by tracked-in or spilled water. 62 ALR2d 6.

2. TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE.
   Evidence must be viewed in the light most favorable to the party
   opposing motion for directed verdict.

3. SAME—DIRECTED VERDICT—EVIDENCE.
   The evidence must be such as to preclude any reasonable view
   establishing plaintiff's right to recovery in order to justify the
   taking of a case from the jury.

4. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — STOREKEEPER — EVIDENCE—QUESTION FOR JURY.
   Evidence adduced in store patron's action against storekeeper
   for ankle injuries sustained when she slipped while passing
   through a puddle of water on floor in rear room while en route
   to back door *held*, sufficient to present issues of defendant's
   negligence and plaintiff's contributory negligence to jury.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted April 12, 1961. (Docket Nos. 22, 23, Calendar Nos. 48,650, 48,651.) Decided June 29, 1961.

Case by Shirley Budman against Abraham Skore and Mollie Skore, doing business as Skore's Kosher Meat Market, for personal injuries sustained in fall on wet, slippery floor. Similar action by Abe Budman, her husband, for medical expense. Cases consolidated for trial and on appeal. Directed verdict and judgments for defendants. Plaintiffs appeal. Reversed and remanded for new trial.

*Gvazda & Shere* (*Charles N. Shere,* of counsel), for plaintiffs.

*Carl F. Davidson* (*John Secrest,* of counsel), for defendants.

KELLY, J. Plaintiff Shirley Budman sought damages for ankle injury caused by slipping on a greasy puddle of water in defendants' store. Her husband, plaintiff Abe Budman, sought damages for loss of his wife's services and for medical expense and care

in connection with his wife's injury. The cases were consolidated for trial. At the conclusion of plaintiffs' proofs, the lower court directed a verdict in favor of defendants, finding that plaintiff Shirley Budman was guilty of contributory negligence as a matter of law. By stipulation the cases were also consolidated on appeal.

Defendants owned a kosher meat market, which plaintiff had visited for a period of approximately 1-1/2 years. On the day of the injury (January 10, 1956), plaintiff, being unable to find a parking place in front of the store, went around to the rear, through an alley, and parked behind defendants' store. This area was normally used for deliveries. On the day of the injury it had rained, and as a result the grounds were muddy and slushy.

Plaintiff testified that she had used the rear entrance previous to the day of injury with defendants' knowledge and permission; that she entered the store from the rear through a steel door which opened into a storage room and which, in turn, led to the sales portion of defendants' store; that upon opening the door she noticed a puddle of water on the floor preventing entrance without going through the puddle; that she was wearing rubber stadium boots over low heeled shoes; that she stepped through the puddle and noticed it was greasy underneath; that she shopped in the sales portion of the store and returned to her car by the same route that she entered; that she carefully stepped into the puddle but this time she slipped injuring her ankle.

Defendants contend that *Jones* v. *Michigan Racing Association*, 346 Mich 648, sustains the lower court's finding. In the *Jones Case*, plaintiff, realizing that muddy puddles of water and wet discarded race tickets in the puddles and on the floor created a dangerous condition between him and the race track window, attempted to jump over a puddle. This

Court found that the plaintiff could have walked through the puddle, or have remained on the dry spot where he was standing, and that by jumping over the puddle he was guilty of contributory negligence. The facts in the *Jones Case* are materially different than the facts before us in this appeal.

In *Great Atlantic & Pacific Tea Co.* v. *McLravy* (CCA 6), 71 F2d 396, appellee McLravy was injured when she slipped on an icy vestibule when leaving appellant's store, in Hastings, Michigan. When entering the store, appellee had observed the icy ·condition and had shopped for 15 minutes before leaving. The court, commenting upon her contributory negligence, stated:

"As to contributory negligence: Appellee admits that she knew the icy condition of the vestibule but she had walked over the slippery streets from her home, a distance of 2 blocks, without injury. As she came out of the store she naturally thought that her rubber overshoes would to some extent serve as a safeguard. She testified that she walked carefully and that just before she slipped she put her hand upon one of the posts (evidently meaning one of the pilasters) to protect herself. Numerous other people were coming and going in safety. Her alternatives were to call for assistance or to wait until the vestibule was cleaned or to pass out through a rear door into an alley, which was not shown to be a safer way. We cannot say as a matter of law that she should have taken any other course than the one adopted."

Defendants contend *Great Atlantic & Pacific Tea Co.* v. *McLravy, supra,* is not applicable since in the present case the plaintiff was using the rear entrance not as an invitee but as a licensee, and, therefore, defendants did not owe the same standard of care.

While this issue—the question of defendants' negligence—is not stated in plaintiffs' statement of

questions involved, was not seriously presented at the trial, and normally need not be considered by this Court on appeal (*Garch* v. *Kelsey-Hayes Wheel Co.,* 327 Mich 572; *Marrs* v. *Taylor,* 327 Mich 674), it is sufficient to call attention to the fact that the record discloses that a former employee of defendants testified that whenever it rained hard the puddle would accumulate; that this condition was observed for at least 6 months prior to plaintiff's injury, and that when, on such occasions, he put sawdust down it would absorb the water; further, plaintiff testified that defendants knew she was using the rear door and did not object in any way to her use of this entrance.

We have repeatedly held that on a motion for directed verdict the evidence must be viewed in the light most favorable to the party opposing the motion and that to justify the taking of a case from the jury the evidence must be such as to preclude any reasonable view establishing plaintiff's claim for the right to recovery. See *Kuhn* v. *King,* 330 Mich 49, and *Normand* v. *Thomas Theatre Corporation,* 349 Mich 50.

The record submitted in this appeal discloses that the decision as to whether plaintiffs were entitled to recovery should have been by a jury verdict and, consequently, we reverse for a new trial.

Reversed and remanded for new trial. Costs to appellants.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.