UREN *v.* TOTH.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—AFFIRMATIVE DEFENSE.
Contributory negligence is an affirmative defense.

2. SAME—CONTRIBUTORY NEGLIGENCE—INSUFFICIENT EVIDENCE.
Finding of trial court in suit for damages resulting from fall in rest room of defendants' tavern that defendants introduced insufficient evidence of plaintiff's contributory negligence to require a directed verdict on the question *held,* proper.

3. SAME—TEST AS TO CONTRIBUTORY NEGLIGENCE.
The test as to contributory negligence on the part of plaintiff, in suit for injuries resulting from a fall in a rest room in defendants' tavern, is whether or not he exercised that degree of care for his own safety as would be exercised by a reasonable and prudent person of like faculties under similar circumstances.

4. SAME—QUESTION FOR TRIER OF FACT.
Question as to whether a reasonable person would have avoided the drain hole in floor of tavern rest room of which he had prior knowledge, *held,* to have constituted an issue properly submitted to the court as the trier of fact, in an action for injuries suffered by plaintiff in fall in rest room of defendants' tavern.

5. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF FACT.
Contributory negligence of a plaintiff is a question for determination by the trier of fact if the testimony presented as to such subject is such that the minds of reasonable men might have reached different conclusions with reference to the matter.

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence §§ 174–176.
[2] 38 Am Jur, Negligence § 335.
[3] 38 Am Jur, Negligence § 181.
[4, 5] 38 Am Jur, Negligence § 348.
[6] 53 Am Jur, Trial §§ 332, 347, 349, 355.
[7] 38 Am Jur, Negligence §§ 344–347.

6. SAME—DIRECTED VERDICT—EVIDENCE VIEWED FAVORABLY TO PARTY
   OPPOSING MOTION.
   Evidence must be viewed in the light most favorable to the
   party opposing motion for directed verdict and to justify
   taking the case from the jury the evidence must be such as
   to preclude any reasonable view establishing plaintiff's claim
   for the right to recovery.

7. SAME—EVIDENCE.
   The question of negligence is considered one of law for the court
   only where the facts are such that all reasonable men must draw
   from them the same conclusions.

Appeal from Genesee; Parker (Donn D.), J.
Submitted Division 2 April 6, 1966, at Lansing.
(Docket No. 671.)   Decided November 22, 1966.

Complaint by Jack A. Uren against John A. Toth
and Donald Sexton, doing business as Wagon Wheel
Bar, for injuries resulting from a fall in a rest room
of defendants' tavern. Judgment for plaintiff. De-
fendants appeal. Affirmed.

*D. Bruce Wistrand,* for plaintiff.

*Seymour I. Caplan (George Stone,* of counsel),
for defendants.

T. G. KAVANAGH, J.   This is an action for damages
arising out of injuries sustained when plaintiff fell
in the rest room of defendants' tavern.   The cause
was tried by the court, sitting without a jury, and
plaintiff was awarded judgment in the amount of
$4,750 plus costs.

Defendants assign as error on appeal the trial
court's refusal to hold plaintiff contributorily negli-
gent as a matter of law.

The record reveals defendants are owners and
proprietors of a certain tavern in the city of Flint,
Michigan, known as the Wagon Wheel Bar. Plain-

tiff, a patron of defendants' bar, retired to the rest room to use the facilities. As he was leaving one of the stalls in the rest room, he was adjusting his trousers when his foot caught or slipped in an open drain hole located in the floor. He fell and suffered injuries as a result.

The drain hole was approximately 3 inches in diameter, of irregular shape, and rough around the the edges. There was no cover on it, and the record indicates that this condition had existed for more than 15 years. The record further indicates that plaintiff had been in defendants' washroom numerous times and had personally known of the existence and location of the hole for over a year.

The trial court held that the existence of the hole, in such state, constituted actionable negligence on the part of the owners to their invitee, the plaintiff. The court in addressing itself to defendants' claim that plaintiff was contributorily negligent said:

"On the matter of contributory negligence, the court is aware of the duty of all persons to exercise ordinary care for their own protection; however, the defendants have failed to convince the court by a preponderance of the evidence, either that the plaintiff failed to exercise ordinary care under the circumstances or, that the plaintiff's contributory negligence, if any, was a substantial factor in bringing about his harm."

Under GCR 1963, 111.7, contributory negligence is an affirmative defense. The sole issue on appeal is whether defendant introduced such evidence of plaintiff's contributory negligence that reasonable minds could not disagree.

We find that the trial court properly held that defendants failed to do so.

At the time of his injuries plaintiff was in the process of pulling up his trousers and vacating the

stall he had occupied in defendants' washroom. The test as to contributory negligence on the part of plaintiff, in leaving the stall, is whether or not he exercised that degree of care for his own safety as would be exercised by a reasonable and prudent person of like faculties under similar circumstances. See *Neal* v. *Cities Service Oil Co.* (1943), 306 Mich 605.

Plaintiff was engaged in normal activities at that time and place. Whether or not a reasonable person would have avoided the drain hole of which he had prior knowledge, under similar circumstances, constitutes an issue properly submitted to the court as the trier of fact. See *Normand* v. *Thomas Theatre Corporation* (1957), 349 Mich 50; *McKinney* v. *Yelavich* (1958), 352 Mich 687.

Any doubt which may exist as to whether or not reasonable minds might disagree on the issue of plaintiff's negligence should be reconciled in favor of disagreement and the issue submitted to the trier of fact. *DeLuca* v. *Wonnacott* (1960), 358 Mich 319; *Shaw* v. *Bashore* (1958), 353 Mich 31; *Budman* v. *Skore* (1961), 363 Mich 458; *Gugel* v. *Sears Roebuck & Company* (CA 6, 1962), 308 F2d 131; *Muth* v. *W. P. Lahey's, Inc.* (1953), 338 Mich 513; *White* v. *Herpolsheimer Company* (1950), 327 Mich 462 (26 ALR2d 667).

Michigan courts have repeatedly held that on a motion for directed verdict the evidence must be viewed in the light most favorable to the party opposing the motion and that to justify taking the case from the jury the evidence must be such as to preclude any reasonable view establishing plaintiff's claim for the right to recovery. See *Budman* v. *Skore, supra; Kuhn* v. *King* (1951), 330 Mich 49; and *Torma* v. *Montgomery Ward & Company* (1953), 336 Mich 468.

In line with *Torma* and the other authority cited herein, we hold that it does not clearly appear that a reasonably careful and prudent person would have acted differently from the plaintiff under the same or like circumstances. As we stated in *Chamberlain v. Haanpaa* (1965), 1 Mich App 303 at p 311:

"The question of negligence is considered one of law for the court only where the facts are such that all reasonable men must draw from them the same conclusion." (Citations omitted.)

The facts presented in the present case do not demand a conclusion contrary to that reached by the trial court.

The judgment is affirmed, costs to plaintiff. LESINSKI, C. J., and QUINN, J., concurred.