### HONORL *v.* J. L. HUDSON COMPANY.

OPINION OF THE COURT.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

Facts are reviewed in the light most favorable to plaintiff on review of a trial court's order granting defendant's motion for judgment notwithstanding the verdict.

2. NEGLIGENCE—STOREKEEPERS—CONDITION OF PREMISES.

A storekeeper is under a duty to use reasonable care to provide reasonably safe premises for his customers.

3. SAME — STOREKEEPERS — CONDITION OF PREMISES — PROXIMATE CAUSE.

Actionable negligence on the part of a storekeeper requires a showing that he breached his duty to use reasonable care to provide a reasonably safe place for his customers, and that the breach proximately caused the injury of which complaint is made.

4. SAME — CONTRIBUTORY NEGLIGENCE — EVIDENCE — QUESTION FOR JURY.

Contributory negligence is a question for determination by the jury if the testimony presented is such that reasonable men might reach different conclusions.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 886.
[2, 10] 38 Am Jur, Negligence §§ 131, 136.
[3] 38 Am Jur, Negligence § 212 *et seq.*
[4–7, 11] 38 Am Jur, Negligence § 356.
[8] 30A Am Jur, Judgments § 297 *et seq.*
[9] 5 Am Jur 2d, Appeal and Error § 1009 *et seq.*
[12] 38 Am Jur, Negligence § 103.

5. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Trial court's finding that plaintiff department store customer was contributorily negligent as a matter of law, where plaintiff, in an attempt to avoid a crowd of Christmas shoppers blocking the right side of defendant store's stairway, started down the left side, then crossed to right, failed to grasp the right handrail, and fell down the stairs, *held*, correct, since plaintiff was contributorily negligent by attempting descent of the temporarily blocked staircase.

6. SAME—CONTRIBUTORY NEGLIGENCE—SELF-EXPOSURE TO DANGER.

A business invitee who knows or should have known of the existence of a condition which would be dangerous to business invitees is guilty of contributory negligence if he acts in disregard of that condition.

7. SAME—CONTRIBUTORY NEGLIGENCE—JUDGMENT NOTWITHSTANDING VERDICT.

Trial court's granting judgment notwithstanding the verdict for defendant department storekeeper, where trial court found plaintiff customer contributorily negligent as a matter of law after jury found defendant negligent, *held*, correct, since court rule allows the trial court to submit case to the jury and then enter judgment notwithstanding verdict if it could determine as a matter of law that the moving party was entitled to a directed verdict on the grounds that there was insufficient evidence presented for reasonable minds to differ (GCR 1963, 515).

8. TRIAL—QUESTIONS OF FACT AND LAW—JUDGMENT NOTWITHSTANDING VERDICT.

Questions of fact become questions of law and are properly disposed of by judgment notwithstanding the verdict by trial court if there is insufficient evidence presented for reasonable minds to differ; the fact that the jury may have reached a different conclusion does not mean that it acted correctly.

9. COSTS—JUDGMENT NOTWITHSTANDING THE VERDICT.

No costs were allowed on appeal by plaintiff from a judgment notwithstanding the verdict in an action by customer against a department storekeeper for injuries suffered in a fall down a stairway in defendant's store where judgment for defendant was affirmed.

DISSENTING OPINION.

LEVIN, J.

10. NEGLIGENCE—STORES—DANGEROUS CONDITION OF PREMISES—NO-
TICE TO STOREKEEPER.

*A storekeeper has a duty to keep his premises reasonably safe
for use by the public, and, if a condition caused by others
makes the premises unsafe, to correct that condition within
a reasonable time after he learns or should have learned of the
potential for harm.*

11. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—JURY QUESTION.

*Question whether plaintiff customer was contributorily negligent,
where plaintiff, in an attempt to avoid a crowd of shoppers
blocking the right side of defendant department store's stair-
way, started down the left side, then crossed to right, failed
to grasp the right handrail, and fell down the stairs was
for the jury to decide, since what constitutes due care for
one's own safety is a question of fact and not of law.*

12. SAME—EVIDENCE—QUESTION FOR JURY.

*Question whether defendant department store should have an-
ticipated the need to provide supervisors to control and direct
crowds during Christmas shopping season, where plaintiff cus-
tomer alleged a crowd blocked her access to handrail of de-
fendant's staircase, causing her to fall down the stairs, was for
the jury to decide, since it concerns the application of the law's
standard of conduct to the particular facts of the case.*

Appeal from Wayne; Kaufman (Charles), J. Sub-
mitted Division 1 June 6, 1967, at Detroit. (Docket
No. 1,538.) Decided April 2, 1968. Rehearing de-
nied July 2, 1968.

Declaration by Rose Honorl against J. L. Hudson
Company, a Michigan corporation, for personal in-
juries received in a fall in defendant's store. Judg-
ment for defendant notwithstanding verdict for
plaintiff. Plaintiff appeals. Affirmed.

*Posner & Posner,* for plaintiff.

*Alexander, Buchanan & Conklin (Robert J. Stowe,*
of counsel), for defendant.

Fitzgerald, P. J. On December 8, 1959, plaintiff, a month short of her 67th birthday, was attempting to get from the first floor to the basement in defendant's store. The store was crowded with Christmas shoppers, and, as plaintiff approached the stairway, she observed a number of people standing in the area near the top of the stairs and blocking the right side of the approach to the stairway. In order to avoid the people, plaintiff started down the stairs on the left side of the stairway and then attempted to cross over to the right side. As she was reaching for the handrail on the right side, she lost her balance and fell, sustaining personal injuries.

Evidence adduced at the trial showed that the elevators and escalators in defendant's store were running and that there were no supervisory employees directing crowds at the top of the stairs.

Plaintiff instituted a suit for damages in 1961 and the case was tried before a jury in November of 1965. Plaintiff was the only witness at the trial and was awarded $1,000 by the jury. The jury verdict was subsequently set aside by the trial court and judgment notwithstanding the verdict entered for defendant on the grounds that plaintiff was guilty of contributory negligence which should have barred her relief.

Plaintiff now appeals to this Court seeking to set aside the judgment notwithstanding the verdict and restore the original judgment by the jury. We are asked to re-examine the record and determine the correctness of the trial court's finding that plaintiff was guilty of contributory negligence following the decision of the jury to the contrary. The record shows that the issue of contributory negligence was made a part of the charge of the trial court to the jury, and the jury chose to find that defendant was negligent while plaintiff was not.

Both parties concede that the facts must be reviewed by this Court in a light most favorable to plaintiff, as this is apparently the view taken by the jury. See *Nash* v. *Lewis* (1958), 352 Mich 488; also see *Kroll* v. *Katz* (1965), 374 Mich 364. We will agree with plaintiff that a storekeeper is under a duty to use reasonable care to provide reasonably safe premises for his customers. See *Winfrey* v. *S. S. Kresge Company* (1967), 6 Mich App 504. For plaintiff to recover from such a storekeeper for injuries suffered on his premises, plaintiff must also show that this duty to use reasonable care was breached by the storekeeper and that the breach was the proximate cause of the injury. *Winfrey* v. *S. S. Kresge Company, supra*. Such breach might be occasioned if the storekeeper failed to have knowledge of a dangerous condition which has existed a sufficient length of time for him to be aware of it. *Winfrey* v. *S. S. Kresge Company, supra*. Plaintiff testified that she thought defendant often had supervisors at the top of the stairs on other occasions and she contends that defendant breached a duty of care to her at the time of her falling by not having a supervisor present during the obvious rush and crush of Christmas shopping. The jury considered the evidence and returned a verdict for plaintiff, holding, in effect, that defendant was negligent. The jury must consider the issue if reasonable men could honestly reach different conclusions from the facts of the case in determining the contributory negligence of the plaintiff. *Uren* v. *Toth* (1966), 5 Mich App 170; *Kroll* v. *Katz, supra,* following the holding in *Sparks* v. *Luplow* (1963), 372 Mich 198. In the present case, after the jury had returned its verdict, the trial court vacated it by granting defendant's motion for a judgment notwithstanding the verdict, stating that plaintiff was contributorily negligent.

Defendant contends that this procedure is proper in the present case as the facts do not permit reasonable men to differ as to the condition of the staircase being open on the left, clear and not slippery. We have re-examined the record and agree with the conclusion that plaintiff was negligent. We will dispose of the issue of plaintiff's contributory negligence by noting that the left side of the stairway was open, that elevators and escalators were running, and that plaintiff attempted to cross the top of the stairs to reach the right handrail because that is where "I always go". See *Jones v. Michigan Racing Association* (1956), 346 Mich 648, where the Court said:

"Similarly here, plaintiff is guilty of the same neglect he charges to defendant. If defendant was guilty of negligence in ignoring the existence of a condition of which it knew or should have known and which it should have foreseen would be dangerous to invitees, then plaintiff, who should have seen, as he did, and been aware, as he was, of its existence and have known, as he said he did, that it was dangerous, was equally guilty of contributory negligence for having ignored it and acting, as did plaintiff in *Shorkey,* in disregard of that danger."

The Court therein cited *Shorkey v. Great Atlantic & Pacific Tea Co.* (1932), 259 Mich 450, as to duties of both parties in such a situation. Plaintiff's attempt to go about her normal way of descending the staircase when that staircase was temporarily blocked at the top by a crowd becomes a proximate cause of her injury. See *Socony Vacuum Oil Co. v. Marvin* (1946), 313 Mich 528.

The remaining question is whether the trial court acted correctly in granting the judgment notwithstanding the verdict. Defendant assumes that this action was proper without citing supporting authority, with the contention that since there clearly was

contributory negligence, the court could properly overturn any verdict of the jury to the contrary. The issue is not that simple. The trial court included a discussion of plaintiff's contributory negligence in the charge to the jury. Yet the jury did find the liability to be defendant's. Plaintiff cites to this Court the decisions in *Kroll* v. *Katz, supra,* and *Uren* v. *Toth, supra,* where the trier of fact must determine the question of contributory negligence where reasonable minds may differ. However, GCR 1963, 515 (originally the Empson act[*]) allows the court to submit the entire case to the jury with proper instructions and then enter judgment notwithstanding the verdict if it could determine as a matter of law that the moving party was entitled to a directed verdict on the ground that there was insufficient evidence presented for reasonable minds to differ. See GCR 1963, 515.2, and 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), judgment notwithstanding the verdict, pp 531, 532.

In accordance with the foregoing discussion of contributory negligence, we find that the trial court did not abuse its discretion in holding that reasonable minds could not have differed as to plaintiff's contributory negligence in the present case. The question of fact becomes a question of law and is properly disposed of with the judgment notwithstanding the verdict. The fact that the jury has reached a different conclusion does not mean that it was acting correctly.

Decision of the court in setting aside the verdict is affirmed, without costs.

McGREGOR, J., concurred with FITZGERALD, P. J.

LEVIN, J. (*dissenting*). The defendant had a duty to keep its store premises reasonably safe for public

---

[*] CL 1948, §§ 691.691–691.693 (Stat Ann §§ 27.1461–27.1463).

use, and, if a condition caused by others made the premises unsafe, to correct that condition within a reasonable time after it learned or should have learned of the potential for harm. *Hulett* v. *Great Atlantic & Pacific Tea Co.* (1941), 299 Mich 59, 67; *Winfrey* v. *S. S. Kresge Co.* (1967), 6 Mich App 504, leave to appeal granted (1967) 379 Mich 768.

As part of its program for maintaining reasonably safe store premises, the defendant provided a handrail on the right side of the staircase which plaintiff attempted to descend. Plaintiff asserts that the right railing was blocked at the top of the staircase by a crowd, that the assembling of the crowd and the resultant obstruction of the railing from ready access and creation of potential harm to the plaintiff should have been anticipated by the defendant, and constituted a condition on the premises which defendant was obliged to correct if the premises were to be reasonably safe. Plaintiff further testified that the defendant had customarily provided a supervisor who prevented formation of crowds at the staircase.

"Where a party has habitually or frequently taken certain precautions on prior occasions which were omitted on the occasion in question, this fact should be received against him as an admission that he perceived the risk and deemed the precaution appropriate and feasible." 2 Harper and James, Law of Torts, § 17.3, p 981.[1]

From plaintiff's testimony, the jury could properly find a railing necessary to make the premises

---

[1] *Accord:* 2 Wigmore on Evidence (3d ed), § 282; *Lindquist* v. *Des Moines U. R. Co.* (1947), 239 Iowa 356 (30 NW2d 120) (testimony should have been admitted to show that on other occasions a flagman had been stationed at a crossing to warn oncoming motorists). See, also, Restatement, Torts, Second, § 295A, p 63 (evidence is admissible to indicate "an understood standard of conduct, or the reasonable expectation of each party as to what the other will do").

reasonably safe for her use,[2] that the assembling of
the crowd prevented her from using the railing,[3] and
that defendant should have anticipated the clogging
of access to the railing and prevented the crowd from
assembling by providing the supervision which, ac-
cording to plaintiff's testimony, was customarily
provided. On the basis of such findings, the jury
could conclude that the defendant's failure to pro-
vide such supervision on this occasion constituted
negligence.

Plaintiff testified that, not being able to grasp the
right railing, she walked around the crowd and
started down the staircase on the lefthand side and,
while crossing to the right side and reaching for the
right handrail, she lost her balance and fell. She
said she was unable to use the lefthand railing, if
there was one,[4] because her left hand was loaded
with packages and because the rules of the road and
habit impelled her to the right side.

The trial judge granted the judgment notwith-
standing the verdict on the ground that plaintiff
was contributorily negligent as a matter of law. In
my opinion, the plaintiff was not obliged as a matter
of law to use the elevator or the escalator—she said
she was afraid of the escalator. She could, as she
did, use the staircase intended for that purpose as
long as she exercised due care in doing so. *Pollack
v. Oak Office Building* (1967), 7 Mich App 173, 186.
Whether the risk of descending the staircase under
the circumstances described by plaintiff, who was
the only trial witness, was so great that a prudent

---

[2] See *Branch* v. *Klatt* (1912), 173 Mich 31, 40; *Renfro Drug Co.*
v. *Jackson* (1935, Tex Civ App), 81 SW2d 101.

[3] Compare *Donovan* v. *Bender* (1960), 11 App Div 2d 735 (204
NYS2d 632; affirmed *Donovan* v. *Bender* (1961), 9 NY2d 854 (216
NYS2d 97, 175 NE2d 463) (imposing liability on a landowner who
blocks the sidewalk forcing a pedestrian into the road).

[4] The plaintiff said she was uncertain whether there was a left-
hand rail. She was the only witness.

person would have foregone the right or privilege to use such staircase or would have sought an alternative route was a question for the jury.[5] Plaintiff's desire to reach the right side of the staircase does not necessarily evidence a lack of due care and, thus, was not contributory negligence as a matter of law. Her purpose, she said, was to exercise due care, to reach the righthand rail, the packages in her left hand preventing her from using any handrail on the left side.

"What constitutes due care for one's own safety, like what constitutes negligent conduct towards others, is a question of fact and not of law. As such it must usually be left for determination by the jury, where a jury has been demanded." *Ingram* v. *Henry* (1964), 373 Mich 453, 457.

The mere fact that plaintiff fell establishes neither that the fall was due to her negligence nor that it was due to defendant's negligence. Her fall may have been accidental, not the result of failure to exercise due care. Handrails are provided because it can be anticipated that patrons may accidentally slip and fall. Defendant is not liable because plaintiff fell, but because a jury has found it failed to provide a reasonably safe place for the plaintiff. Had the plaintiff fallen and there been no obstruction of access to the railing, there would have been no negligence of the defendant upon which the plaintiff could have recovered.

The jury could rightfully conclude that the obstruction which allegedly prevented her from descending the staircase with her hand on the railing

[5] 2 Restatement, Torts, Second, § 473, comment (d), p 525. See, also, §§ 443 and 446, pp 472, 477. See, also, *Jaxon* v. *City of Detroit* (1967), 379 Mich 405, 412 ("whether a reasonably prudent person in the same or similar circumstances would have waited in the doorwell until she could have made a more careful observation before stepping down [was a matter] for the jury").

was a cause in fact[6] of her fall, and, thus, the jury could properly conclude that plaintiff's fall was causally related to defendant's alleged negligence.

On various grounds, many cases have declined to find a duty on the part of proprietors to provide personnel to control crowds.[7] Some have placed their holdings on the ground the plaintiff assumed the risk, a doctrine largely eliminated from our jurisprudence. *Felgner* v. *Anderson* (1965), 375 Mich 23. It cannot properly be said as a matter of law there is no duty on the part of a storekeeper to control crowds, or, to state it differently, that as part of his duty to provide reasonably safe premises he may not under given circumstances be obliged to provide supervisors to control crowds.

"Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection." 2 Restatement, Torts, Second, § 344, comment (f), pp 225, 226.[8]

---

[6] 2 Harper and James, The Law of Torts, § 20.2; see, also, footnote 5.

[7] Annotation: "Liability of store proprietor to customer by pushing, crowding, et cetera, of other customers." 20 ALR2d § 13, p 32.

[8] See, also, Prosser on Torts (3d ed, 1964), p 344 *et seq.* For cases illustrating the principle, see *Blakely* v. *White Star Line*

Whether in a specific case a careful store owner would have anticipated the need to provide supervisors and should have provided them is almost always a question for the jury, not the court. That is because it concerns the application of the law's standard of conduct to the particular facts of the case at hand.[9]

In his oft-cited opinion, Mr. Justice COOLEY, speaking on the question of when a trial judge may properly take from the jury the question of plaintiff's contributory negligence, made observations applicable to either the issue of plaintiff's or defendant's negligence:

"The case, however, must be a very clear one which would justify the court in taking upon itself this responsibility. For, when the judge decides that a want of due care is not shown, he necessarily fixes in his own mind the standard of ordinary prudence, and, measuring the plaintiff's conduct by that, turns him out of court upon his opinion of what a reasonably prudent man ought to have done under the circumstances. He thus makes his own opinion of what would be generally regarded as prudence a definite rule of law. It is quite possible that, if the same question of prudence were submitted to a jury collected from the different occupations of society, and perhaps better competent to judge of the common opinion, he might find them differing with him as to the ordinary standard of proper care. The next

---

(1908), 154 Mich 635 (duty to provide watchmen to prevent the playing of baseball near dance pavilion); *Lane v. Fair Stores* (1951), 150 Tex 566 (243 SW2d 683); *Booth v. Sears, Roebuck & Co.* (S Ct, 1947), 68 NYS2d 26; *Greenley v. Miller's, Inc.* (1930), 111 Conn 584 (150 A 500); *Mears v. Kelley* (1938), 59 Ohio App 159 (17 NE 2d 386); *Quinn v. Smith Co.* (CA 5, 1932), 57 F2d 784. Compare *Gorby v. Yeomans* (1966), 4 Mich App 339 (failure of bar owner to aid customer in a brewing altercation which ultimately fulminated).

[9] *McKinney v. Yelavich* (1958), 352 Mich 687, 691; *Ackerberg v. Muskegon Osteopathic Hospital* (1962), 366 Mich 596; *Baker v. Alt* (1965), 374 Mich 492; 2 Harper and James, The Law of Torts, §§ 16.10, 17.1.

judge trying a similar case may also be of a different opinion, and, because the case is not clear, hold that to be a question of fact which the first has ruled to be one of law.   Indeed, I think the cases are not so numerous as has been sometimes supposed in which a judge could feel at liberty to take the question of the plaintiff's negligence away from the jury.   The judge, it is said in one case, is not bound to submit to a jury the propriety of a particular course, when it is perfectly notorious that all prudent men conduct their own affairs differently.   The uniformity of the conduct of businessmen becomes a rule of law.

"But, while there is any uncertainty, it remains a matter of fact for the consideration of the jury: *Briggs* v. *Taylor,* 28 Vt. 183.   The difficulty in these cases of negligent injuries is, that it very seldom happens that injuries are repeated under the same circumstances; and, therefore, no common standard of conduct by prudent men becomes fixed or known." *Detroit & M. R. Co.* v. *Van Steinburg* (1868), 17 Mich 99, 120, 121.

This is a close case, a doubtful case, but it is a case.   Where there is doubt, the issues should be submitted to the jury under proper instructions for their determination.[10]

"Since it is impossible to prescribe definite rules in advance for every combination of circumstances which may arise, the details of the standard must be filled in in each particular case.   The question then is what the reasonable man would have done under the circumstances.   Under our system of procedure, this question is to be determined in *all doubtful cases* by the jury, because the public insists that its conduct be judged in part by the man in the street rather than by lawyers, and the jury serves as a shock-absorber to cushion the impact of the law.

---

[10] See *Cummings* v. *Grand Trunk W. R. Co.* (1964), 372 Mich 695, 698.

The question usually is said to be one of fact, but it should be apparent that the function of the jury in fixing the standard differs from that of the judge only in that it cannot be reduced to anything approaching a definite rule." Prosser, Law of Torts (3d ed, 1964), p 208. (Emphasis supplied.)

I would reinstate the jury's verdict.