GREEN *v.* MONTGOMERY WARD & COMPANY

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FORGETTING A KNOWN DANGER.

Forgetting a known danger is not necessarily contributory negligence; it is only one factor to be considered in the light of the total situation in determining whether the standard of reasonable care has been met.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FORGETTING A KNOWN DANGER.

Plaintiff was not guilty of contributory negligence as a matter of law where the plaintiff had walked down a narrow department store aisle lined with display platforms, admitted seeing the platforms when entering the store, and when returning down the same aisle to leave the store tripped and fell on the platforms, where the evidence permits the view that the plaintiff did not see the platforms when leaving the store, because forgetting a known danger is not necessarily contributory negligence.

Appeal from Chippewa, William F. Hood, J. Submitted Division 1 February 2, 1971, at Detroit. (Docket No. 9084.) Decided May 25, 1971.

Complaint by Ruby Green against Montgomery Ward & Company for negligence. Judgment for plaintiff. Defendant appeals. Affirmed.

*Platt & Ferguson,* for plaintiff.

*Coates & Kline,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 57 Am Jur 2d, Negligence § 327.

Before: LESINSKI, C. J., and R. B. BURNS and LEVIN, JJ.

PER CURIAM. Defendant, Montgomery Ward & Company, appeals from a judgment entered on a jury's verdict in favor of the plaintiff, Ruby Green.

The plaintiff entered one of the defendant's stores and descended to the basement by stairs located in the center of the building. She then proceeded down the center aisle to the rear of the store. Stacked on one side of the aisle were cartons containing television sets. On the other side of the aisle were platforms a few inches in height off the floor. The platforms were used to display television sets and other merchandise. The platforms were set back about six inches from the aisle and there was about six inches of carpeting in front of them. Because of the location of the cartons there was only 18 to 24 inches between the platforms and the cartons; usually the aisleway was wider.

The plaintiff made her way to the rear of the store through this narrowed aisle. When she returned along the aisle on her way out of the store she tripped over the corner of one of the platforms and fell and sustained injuries.

At the trial she testified that additional cartons had been placed in the aisle while she was at the rear of the store. She conceded that she saw the platforms upon entering the store. She gave conflicting accounts as to whether she saw the platforms when she was leaving; a permissible reading of her testimony is that she did not see the platforms as she was leaving until after she had started to fall. She was carrying packages in her hands.

The issue on appeal is whether the plaintiff was contributorily negligent as a matter of law. The question now before us was recently considered in

*Pigg* v. *Bloom* (1970), 22 Mich App 325, 333. In that case the plaintiff, Hester Pigg, tripped on torn carpeting in the hallway outside of her apartment. She was well aware of the condition and of the danger that it posed for her. The accident would not have happened if she had looked and then simply stepped over or squarely on the torn carpeting. However, at the time of the fall Hester Pigg did not have the defective carpeting on her mind—she was thinking of something else. We ruled that "forgetfulness is not necessarily negligence but is merely one factor to be considered in light of the total situation, in determining whether the overall test of reasonable care has been met".

We adhere to our decision in *Pigg* v. *Bloom* and hold that the trial judge did not err when he ruled that the plaintiff was not guilty of contributory negligence as a matter of law in failing to remember the platform before she tripped and to take precautions to avoid it. Similarly, see *Uren* v. *Toth* (1966), 5 Mich App 170; *Budman* v. *Skore* (1961), 363 Mich 458; see, also, *Ingram* v. *Henry* (1964), 373 Mich 453, 457.