■ IDA MORRIS et al., Appellants, v JACK NACMIAS et al., Respondents, et al., Defendant. [666 NYS2d 202] —In an action to

recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Rappaport, J.), dated December 13, 1996, as granted the respective motions by the defendants Jack Nacmias, Nacmias Brothers Auto Service, Inc., and Mobil Oil Corporation, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, dated May 9, 1997, as, upon reargument and renewal, adhered to the original determination.

Ordered that the appeal from the order dated December 13, 1996, is dismissed, as that order was superseded by the order dated May 9, 1997, made upon reargument and renewal; and it is further,

Ordered that the order dated May 9, 1997, is reversed insofar as appealed from, so much of the order dated December 13, 1996, as granted the respective motions by the defendants Jack Nacmias, Nacmias Brothers Auto Service, Inc., and Mobil Oil Corporation, Inc., for summary judgment dismissing the complaint insofar as asserted against them is vacated, those motions are denied, and the complaint is reinstated insofar as asserted against those defendants; and it is further,

Ordered that the appellants are awarded one bill of costs.

While the court ostensibly denied the plaintiffs' motion for reargument and renewal, a reading of the order dated May 9, 1997, indicates that the motion was effectively granted and the court adhered to the original determination. Consequently, the order dated December 13, 1996, was superseded by the order dated May 9, 1997, and the appeal from the order dated December 13, 1996, is, therefore, dismissed.

The plaintiff Ida Morris tripped and fell at a Mobil gas station, which had been leased under a franchise agreement to the defendant Jack Nacmias and was operated under the name Nacmias Brothers Auto Service, Inc. (hereinafter collectively referred to as the Nacmias defendants). Ms. Morris fell when she attempted to go around a vehicle which the Nacmias defendants had parked on the sidewalk abutting the gas station. The complaint sought to recover damages, *inter alia*, for personal injuries Ms. Morris sustained in the fall. We find that the Supreme Court improperly granted the respective motions of the Nacmias defendants for summary judgment dismissing the complaint insofar as asserted against them on the grounds that (1) Ms. Morris failed to pinpoint the exact location of her fall, as well as what caused her to fall, and (2) in any event, the defect was not actionable because it was trivial.

By parking a vehicle on the sidewalk, the Nacmias defen-

dants substantially reduced the use of the public sidewalk for their exclusive benefit. Ms. Morris, of necessity, had to go around the vehicle and onto an area of their property which, as the photographs contained in the record shows, consisted of uneven surfaces and gas tank caps. Thus, the risk of injury was the direct result of the obstruction placed on the sidewalk. Therefore, the question whether a reasonably prudent person should have anticipated the consequences which followed is a question to be determined by a jury (*see, Ryan v Gordon L. Hayes, Inc.,* 22 AD2d 985, *affd* 17 NY2d 765; *see also, Fleischer v White Rose Food Corp.,* 152 AD2d 489; *Donovan v Bender,* 11 AD2d 735, *affd* 9 NY2d 854).

The Nacmias defendants' remaining contentions are without merit. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.