VANBROCKLIN v. BRAGMAN.

1. NEGLIGENCE—STOREKEEPERS—AISLES.

It is the duty of a storekeeper to provide reasonably safe aisles for customers.

2. SAME—STOREKEEPERS—DAMP FLOORS—GREAT WEIGHT OF EVIDENCE.

In action for damages for injuries to ankle sustained when plaintiff customer fell on defendant storekeeper's damp floor, where evidence is in dispute as to amount of dampness on floor and there is no showing other persons had slipped or found the

---

A possessor of land is subject to liability for bodily harm caused to business visitors, if, and only if, he knew or should have known of the condition, see 2 Restatement, Torts, § 343.

floor unsafe on account of dampness, finding of trial court that defendant provided a reasonably safe place for customers to come *held*, not against the great weight of the evidence.

3. APPEAL AND ERROR—NONJURY CASE—EVIDENCE.
When a case is tried by the court without a jury, the Supreme Court does not reverse unless the evidence clearly preponderates in opposite direction.

Appeal from Bay; Leibrand (Karl K.), J. Submitted June 10, 1947. (Docket No. 68, Calendar No. 43,784.) Decided October 16, 1947.

Case by Rhea Millar Van Brocklin against Sara Bragman, individually, and doing business as Washington Cut Rate Fruit Market, for injuries sustained from fall on slippery floor. Judgment for defendant. Plaintiff appeals. Affirmed.

*Smith & Brooker,* for plaintiff.

*Stanton & Montgomery,* for defendant.

REID, J. This action is brought to recover damages for injuries which plaintiff claims she sustained by reason of negligence of the defendant. Defendant claims she was not guilty of negligence and claims contributory negligence on the part of plaintiff. The case was tried before a circuit judge without a jury. The finding and judgment was in favor of defendant. Plaintiff appeals.

Plaintiff claims that she was injured on the evening of October 23, 1942, while purchasing fruit in defendant's fruit store, when she slipped on a wet floor near some lettuce crates piled along the south wall of the store, and plaintiff claims that as a result of her fall her right ankle was fractured.

Defendant's fruit store was located on the west side of Washington avenue in Bay City and had a recessed entrance, on each side of which there was a display counter. The counter on the southerly side was constructed of wood and was 2 or 3 feet above the level of the floor; on this counter was a display of apples, which were not wet. Further, along the south wall of the store there was a display of some sort of fruit or vegetables on counters, which display ended at a point between 3 and 6 feet west of the west edge of the southerly window display. There were several crates, in some of which were heads of damp lettuce, in the 3- to 6-foot space. There was some evidence of seepage. There was some water near the crates and the floor was damp there. A person could see the evidence of dampness at a distance of 7 or 8 feet. At about 6:30 or 7 o'clock in the evening in question plaintiff was near the southeast corner of the store talking with defendant and making some purchases. Plaintiff testified she noticed nothing unusual about the floor nor any foreign objects thereon. She purchased some apples and defendant, while reaching for a paper sack, had to reach in front of plaintiff. She thereupon stepped backwards with her right foot, slipped, fell and was injured. Plaintiff testified she stepped on something and felt it "mash" under her foot, and that it was a grape or some refuse. There is no testimony in the case to indicate that defendant knew of the presence of the grape or refuse that was mashed under plaintiff's foot and there is no testimony to show that the grape or refuse had been in that position for a time long enough to create a presumption that defendant knew of its existence.

Defendant concedes in practical effect the duty of a storekeeper to provide reasonably safe aisles for customers.

Cases relied upon by plaintiff, among others, are *Wine* v. *Newcomb, Endicott & Co.,* 203 Mich. 445, and *Yarington* v. *Huck,* 218 Mich. 100.

In the *Wine Case, supra,* plaintiff was a customer in defendant's store and while passing along an aisle or space set with tables displaying goods, the plaintiff caught her foot in the coil of a rope. It appears that defendant's employee was removing holiday decorations and was handling a rope or cord, some of which rope was upon the floor and coiled or in loops, one end or length of which he held and one loop or coil of which was about the foot or ankle of the customer who was injured, the plaintiff. This case disclosed negligence consisting of the act of the agent of defendant in creating a hazard which the defendant was considered to have been able to appreciate and guard against.

In the *Yarington Case, supra,* plaintiff caught her foot in a matting or runner which was on the floor from the entrance door sill to a cigar case in Westwood Inn. The matting or runner had been on the floor from some time in March until October 26th and the hole in the rug was of such a nature that the plaintiff, after she had fallen, had to kick her foot loose to get her foot out of the hole in the rug. The hole was further described as being about 10 inches in diameter. The matting or rug was described as being old and dirty. It can be fairly inferred that the hole was the result of gradual wear at the entrance door and if so, the defendant was chargeable with notice of the defective condition. The danger of tripping by reason of a hole in the rug in that case would be very apparent, and the hole in the rug capable of catching the foot so that the foot had to be kicked loose, presents a considerably different element as regards negligence from a damp floor not shown to have been known to be slippery.

Defendant claims that there is no indication in the record in the case at bar to show that there was an excessive amount of water on the floor which caused the floor to be slippery. Defendant cites *Narregang* v. *Great Atlantic & Pacific Tea Co.*, 224 Mich. 178, in which case the plaintiff slipped on an oiled maple floor of a store while carrying a 60- or 70-pound box. In that case there was no evidence of excessive oiling and we said (p. 180): "It is a matter of common knowledge that many business places have oiled maple floors," and we held that no actionable negligence had been shown.

In the case at bar there is some dispute in the testimony over the amount of dampness on the floor. The court could have found that the grape or refuse which plaintiff says she stepped on and which became crushed under her foot might have been the actual cause of her slipping, but defendant was not shown to have had knowledge or notice of the presence of such grape or refuse.

The finding by the trial court was, "Even with the damp spot on the floor the store was a reasonably safe place for customers to come." Where the case is tried by the court without a jury, we do not reverse unless the evidence clearly preponderates in the opposite direction. The judgment for defendant is affirmed. Costs to defendant.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, BOYLES, NORTH, and DETHMERS, JJ., concurred.