WINFREY v. S. S. KRESGE COMPANY.

1. NEGLIGENCE—STOREKEEPER—CONDITION OF PREMISES.
   A storekeeper is not an insurer of the safety of his customers, but owes a duty to use reasonable care to provide reasonably safe premises for them.

2. SAME—STOREKEEPERS—SLIP AND FALL—INJURY.
   The fact that a customer slips and is injured on the premises of a storekeeper does not by itself constitute actionable negligence on the part of the storekeeper.

3. SAME — STOREKEEPERS — CONDITION OF PREMISES — PROXIMATE CAUSE.
   Actionable negligence on the part of a storekeeper requires a showing that he breached his duty to use reasonable care to provide a reasonably safe place for his customers, and that the breach proximately caused the injury of which complaint is made.

4. SAME—STOREKEEPER—ACTS OF EMPLOYEES—ACTS OF OTHERS.
   Liability of a storekeeper to a customer for negligence requires no notice of an unsafe condition of his premises if the condition is caused by the storekeeper or his employees, but if the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Negligence § 131.
[3] 38 Am Jur, Negligence §§ 49, 131.
[4] 38 Am Jur, Negligence §§ 96, 97, 103, 131.
[5] 38 Am Jur, Negligence §§ 131–134.
[6] 38 Am Jur, Negligence §§ 96, 97, 131–134; 26 Am Jur 2d, Elevators and Escalators §§ 79, 82–84.

condition is occasioned by another customer or other party, liability must rest upon failure to have knowledge of the condition if it is of such character or has existed a sufficient length of time that he should have knowledge of it.

5. SAME—POPCORN STAND—DANGEROUS CONDITION.

Operation of a popcorn stand near an escalator entrance does not constitute *per se* the creation of a dangerous condition by reason of the possibility of popcorn kernels falling on the floor near the escalator.

6. SAME—ESCALATOR—POPCORN STAND—EVIDENCE.

Plaintiff, suing store owner for injuries received in fall on escalator in defendant's store, possibly caused by rolling of popcorn kernels under plaintiff's foot as she stepped on escalator, *held*, to have failed to prove negligence on the part of the store owner when proofs showed that a popcorn stand was located near entrance to escalator, that children were eating popcorn nearby, and that there was popcorn on the floor near escalator, but there was no showing that defendant's employees were responsible for popcorn being on floor, or that it had been on floor for a sufficient length of time for defendant's employees to know of it and remove it, even if it be assumed that popcorn was the material that caused her fall.

Appeal from Common Pleas Court of Detroit; Vokes (David C.), J. Submitted Division 1 January 4, 1967, at Detroit. (Docket No. 1,742.) Decided April 13, 1967. Leave to appeal granted by Supreme Court June 20, 1967. See 379 Mich 768.

Declaration by J. K. Winfrey against S. S. Kresge Company, a Michigan corporation, for personal injuries received in a fall in defendant's store. Judgment for plaintiff. Defendant appeals. Reversed.

*M. J. Balardo,* for plaintiff.

*Franklin D. Dougherty (Mayer & Mayer* and *Thomas C. Mayer,* of counsel), for defendant.

LESINSKI, C. J. Defendant, S. S. Kresge Company, appeals a judgment of $1,500 plus fees and

costs in favor of plaintiff, J. K. Winfrey, granted by the common pleas court of Detroit.

Plaintiff, then 80 years old, entered defendant's department store on March 23, 1964, to shop. She was wearing military heels and rubber overshoes. Deciding to shop on the second floor, she approached the escalator. Before getting on the escalator, Mrs. Winfrey looked and observed the first step of the escalator and placed her right foot thereon. When she brought her left foot up to place it on the second step, "something rolled" under her foot, causing her to fall and sustain the injuries complained of. Plaintiff did not see what the loose object was that "rolled" under her foot nor was it determined during the trial. Plaintiff testified that she fell even though she was holding onto the railing with her right hand.

Mr. Eugene Brice testified that Mrs. Winfrey was a few feet in front of him and his attention was drawn to her when he heard her scream and suddenly fall backward. This witness stated plaintiff's coat appeared to be caught in the escalator and he grabbed her and assisted her back to the first floor. This witness further testified that defendant operates a popcorn stand about six feet from the approach to the escalator on the first floor, and that he observed debris on the floor.

Mrs. Alice Davis testified that she had seen plaintiff fall, and that a popcorn stand is located five feet from the escalator where customers were buying and carrying away popcorn. She also noticed children eating popcorn in the area and kernels of popcorn along with a "few bags" on the floor. Mrs. Davis also said she observed kernels of popcorn at the "foot" of the escalator.

Mr. Lawton, assistant manager of the store on duty at the time of the accident, stated he did not see any debris on the steps of the escalator or on the

floor immediately in front of the approach to the escalator. He also testified that at the bottom of the escalator there is a plate with comb-like teeth and when the metal corrugated steps of the escalator come from the floor, the comb-like teeth go through the corrugations in the steps. The escalator operates in the manner of a belt, going up to the second floor and returning upside down to the first floor. Mr. Lawton also testified that it was not possible for popcorn to have been on the escalator as it comes through the floor unless someone had just dropped it on the first step. However, it was stipulated by defense counsel that it would be possible for a child eating popcorn a few steps ahead on the escalator to drop popcorn.

Based on these facts, defendant contends that the evidence will not support a finding by the trial court that defendant's negligence proximately caused plaintiff's injuries.

It is settled in this State that a storekeeper is not an insurer of the safety of his customers, but is under a duty to use reasonable care to provide reasonably safe premises for such customers. *Shorkey* v. *Great Atlantic & Pacific Tea Co.* (1932), 259 Mich 450; *White* v. *Herpolsheimer Company* (1950), 327 Mich 462 (26 ALR2d 667). The mere fact that a customer slips and is injured on the premises of a storekeeper does not constitute actionable negligence. See 61 ALR2d 6, 56, Liability of proprietor of store, office, or similar business premises for injury from fall due to presence of litter or debris on floor, § 8. It must be shown that the storekeeper has breached his duty to exercise reasonable care to provide a reasonably safe place for customers on the premises, and that the breach proximately caused the injury complained of.

At the outset, it is necessary to draw a distinction between an unsafe or hazardous condition caused or created by the active negligence of defendant storekeeper or his employees, and that created by another customer or third party. In the former, knowledge of the unsafe condition is inferred.

*Carpenter* v. *Herpolsheimer's Co.* (1937), 278 Mich 697, 698, stated with regard to this distinction:

"The proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees, *Wine* v. *Newcomb, Endicott & Co.*, 203 Mich 445; and he is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have knowledge of it. *Yarington* v. *Huck*, 218 Mich 100."

Also, in *Hulett* v. *Great Atlantic & Pacific Tea Co.* (1941), 299 Mich 59, 67, quoting from *Evans* v. *S. S. Kresge Co.* (1939), 290 Mich 698, 702, said:

" 'If a condition liable to cause personal injury to a customer is occasioned by the storekeeper or any employee, no notice thereof and time for remedy is necessary in order to fasten actionable liability. If a condition liable to cause personal injury to a customer is occasioned by another customer, then liability of the storekeeper must rest upon failure to exercise reasonable inspection likely to disclose the menace and neglect to make removal thereof.' "

Obviously, to sustain a finding by the trial court in favor of plaintiff, it is necessary that the evidence support a conclusion that defendant had actual or constructive knowledge of the dangerous or unsafe condition that caused plaintiff's fall or evidence that defendant's employees created the unsafe condition.

The record merely shows that plaintiff slipped on "something that rolled." Even if we assumed that

plaintiff slipped on a kernel of popcorn, there is no indication of how long the popcorn or other debris had been on the floor.   Such evidence is crucial to plaintiff's attempt to charge the defendant with constructive knowledge of the condition of the floor at the time of the accident.   See *VanBrocklin* v. *Bragman* (1947.), 319 Mich. 220.   Therefore, unless the record supports the theory that defendant, by its employees, created the unsafe condition, in which case proof of knowledge or notice is unnecessary, then the judgment of the trial court must be reversed.

On appeal plaintiff in her written brief contends that defendant created a hazardous condition by operating a popcorn stand within five feet of the entrance to the escalator on the first floor.   Plaintiff thus concludes that it was foreseeable that popcorn would be dropped to the floor by customers which would create a dangerous condition for those walking nearby and using the escalator, and make knowledge of the condition by defendant unnecessary.

Plaintiff has failed to show us any cases holding that the operation of a popcorn stand in close proximity to the entrance of an escalator constitutes *per se* the creation of a dangerous condition. Nor has our research disclosed such a case.   As this record reflects, it is not the operation of the popcorn stand that created the hazardous condition complained of.   In the absence of a showing that defendant's employees were responsible for the popcorn and other debris being on the floor,* plaintiff must show that the condition existed for a sufficient length of time to charge the defendant with knowledge of it.   *VanBrocklin* v. *Bragman, supra; Hulett* v. *Great Atlantic & Pacific Tea Co., supra.*

---

* The record merely shows that children were eating popcorn and there was popcorn on the floor at the entrance to the escalator.

In *Sparks* v. *Luplow* (1963), 372 Mich 198, cited by plaintiff, there was evidence that no customer (other than an individual accompanying plaintiff) had used the aisleway where plaintiff slipped on the banana for at least 20 minutes before the fall; and that during that period a store employee had been arranging merchandise within 2 or 3 feet of the spot of the fall and the store manager had been down the aisleway approximately five minutes before the accident; and that if the janitor had performed his sweeping duties in the usual manner the floor would have been swept some time within a half hour before the accident. The Court concluded that under the circumstances reasonable minds could differ as to whether the defendant was guilty of negligence in not seeing and removing the banana—which plaintiff admittedly slipped on—prior to plaintiff's fall.

In this case the evidence was that the porter cleaned the floor "periodically." There is no evidence from which one could infer that the popcorn or other debris had been on the spot where she fell for more than moments before the fall. There was no evidence here as to the likelihood of defendant's employee having knowledge of and failing to remove the popcorn or other debris before Mrs. Winfrey's fall.

From what has been said, it is apparent that the finding of the trial court was "clearly erroneous." GCR 1963, 517.1. The trial court erred in failing to grant judgment for defendant as a matter of law. The judgment is reversed with costs to appellant.

HOLBROOK and LEVIN, JJ., concurred.