# STATE OF MICHIGAN

# COURT OF APPEALS

SABRINA LLOYD-LEE,

Plaintiff-Appellee,

UNPUBLISHED
January 17, 2017

v

WESTBORN FRUIT MARKET INC,

Defendant-Appellant.

No. 329657
Oakland Circuit Court
LC No. 2014-144105-NO

Before: TALBOT, C.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

In this premises liability case, defendant appeals by leave granted[1] an order denying defendant's motion for summary disposition under MCR 2.116(C)(10). Because the danger in question was open and obvious and there is no evidence to support the assertion that defendant knew or should have known about this allegedly unsafe condition, the trial court erred by denying defendant's motion for summary disposition. Accordingly, we reverse the trial court's decision and remand for entry of summary disposition in favor of defendant.

According to plaintiff's deposition testimony, she slipped and fell in the parking lot at defendant's Westborn Market location in Livonia, Michigan on April 24, 2014. The fall occurred near in time to closing, at about 8:00 p.m., when it was starting to get dark outside. There were no eyewitnesses to the fall except for plaintiff's 2-year-old granddaughter. According to plaintiff's description of events, she slipped on a "flattened" white "wax" cup, which she described as "long," like "a Big Gulp white cup, those tall ones that are white." Plaintiff maintains that the white cup was lying on a white parking space line and that, in the low evening lighting of the parking lot, the white cup blended in with the white line, making the cup "practically invisible."

---

[1] *Lloyd-Lee v Westborn Fruit Market Inc*, unpublished order of the Court of Appeals, entered October 28, 2015 (Docket No. 329657). This Court also granted defendant's motion to stay the trial court proceedings pending this appeal.

Defendant filed a motion for summary disposition under MCR 2.116(C)(10), which the trial court denied. The trial court also denied a motion for reconsideration and a motion to stay proceedings. Defendant sought leave to appeal in this Court, which we granted.

On appeal, defendant raises the same grounds for summary disposition that defendant advanced in the trial court. Specifically, defendant maintains that it was entitled to summary disposition under MCR 2.116(C)(10) for three reasons: (1) defendant could not be held liable because there was no evidence that defendant had actual or constructive notice of the alleged cup, (2) the cup constituted an open and obvious danger and defendant had no duty to protect plaintiff from such a danger, and (3) plaintiff's deposition testimony that a cup caused her fall was inconsistent with her earlier statements and merely speculation that was insufficient to establish a causal connection between defendant's alleged negligence and her fall.

## I. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Beckett-Buffum Agency, Inc v Allied Prop & Cas Ins Co*, 311 Mich App 41, 43; 873 NW2d 117 (2015). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim and is properly granted when no genuine issue of material fact remains. *Bagby v Detroit Edison Co*, 308 Mich App 488, 490; 865 NW2d 59 (2014). "When reviewing a motion brought under MCR 2.116(C)(10), this Court considers the pleadings, affidavits, depositions, admissions, and any other documentary evidence submitted by the parties in the light most favorable to the nonmoving party." *Braverman v Granger*, 303 Mich App 587, 596; 844 NW2d 485 (2014). "A genuine issue of material fact exists when reasonable minds could differ on a material issue." *Id.*

## II. NOTICE

On appeal, defendant first argues that the trial court erred by denying its motion for summary disposition because defendant lacked actual notice of the cup and there is no evidence that defendant had constructive notice. We agree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). A landowner's duty with respect to the conditions of the premises depends on the status of the person entering the land, i.e., whether the individual is an invitee, licensee, or trespasser. *James v Alberts*, 464 Mich 12, 19; 626 NW2d 158 (2001). It is undisputed that, in this case, plaintiff was an invitee, meaning that she was entitled to the highest level of protection under the law. *Id.* at 20.

> An "invitee" is "a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and,

-2-

depending upon the circumstances, make any necessary repairs or warn of any discovered hazards. [*Id.* at 19-20 (citation omitted).]

However, it is well-settled that "the possessor of land is not an absolute insurer of an invitee's safety." *Kennedy v Great Atl & Pac Tea Co*, 274 Mich App 710, 712-713; 737 NW2d 179 (2007). "Perfection is neither practicable nor required by the law," and a landowner is not required to make his or her premises "foolproof." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). Instead, it is a landowner's duty to protect an invitee from an "unreasonable risk of harm caused by a dangerous condition on the land," and this duty will not arise until the landowner has actual or constructive notice of the condition and the unreasonable risk of harm involved. *Banks v Exxon Mobil Corp*, 477 Mich 983; 725 NW2d 455 (2007); *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995) (citation omitted).

Whether a landowner has actual or constructive knowledge turns on whether the landowner knew or in the exercise of reasonable care should have discovered the unsafe condition. See *Bertrand*, 449 Mich at 609. In particular, constructive notice requires consideration of whether the unsafe condition "is of such a character or *has existed a sufficient length of time that he should have had knowledge of it.*" *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001) (citation omitted) (emphasis in *Clark*). In other words, "[c]onstructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Banks*, 477 Mich at 983. It is a plaintiff's burden to show circumstances from which the defendant could reasonably be charged with constructive notice of the condition's presence. *Goodman v Theatre Parking*, 286 Mich 80, 82; 281 NW 545 (1938). See also *Winfrey v SS Kresge Co*, 6 Mich App 504, 508-609; 149 NW2d 470 (1967); Restatement 2d of Torts § 343.

In this case, viewing the evidence in a light most favorable to plaintiff, reasonable minds could not conclude that defendant knew or should have known about an unsafe condition in the store parking lot.[2] First, there is absolutely no evidence that defendant had actual knowledge of the cup, and plaintiff does not even advance such an argument. Second, considering both the type of condition involved as well as the evidence, or lack thereof, regarding the length of time the cup had been present in the parking lot, reasonable minds could not conclude that defendant should have known about the cup.

In particular, the purportedly unsafe condition in question is a flattened white cup in a parking lot. This type of purportedly unsafe condition is characteristically transient and often of a temporary nature. Like other debris found littering parking lots and elsewhere, the cup in

---

[2] On appeal, we have considered all the evidence presented to the trial court, including the evidence submitted by defendant in connection with its reply brief. Although the trial court questioned whether this evidence could be submitted in connection with a reply brief, the trial court ultimately considered all the evidence before it, meaning that this evidence is properly considered by this Court as part of "the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

question could have been dropped in the parking lot at any time, by anyone, or even dropped at another location and blown to the parking lot by the wind or other forces. In short, the character of the discarded cup does not suggest that defendant should have known it was in the parking lot.

Considering the characteristically transient and unpredictable nature of this defect, it becomes all the more important that there be some evidence to establish how long the cup had been in the parking lot to support an inference that defendant should have discovered it upon reasonable inspection.[3] However, in this case, there is no evidence to directly establish, or to support an inference, that the cup had been in the parking lot for any length of time. According to plaintiff's deposition testimony, plaintiff did not see the cup or any other trash in the parking lot when she arrived at the store, plaintiff made no complaint to store employees about the condition of the parking lot while she shopped, plaintiff had no idea how long the cup had been in the parking lot, and plaintiff had no evidence to suggest that any of defendant's employees knew about the cup before her fall.[4] Aside from plaintiff's deposition, there is also no other evidence that anyone else saw the cup before plaintiff's fall. Indeed, the floor manager at the store, Jane Crandall, testified at her deposition that there had been no complaints about the condition of the parking lot and that she never heard anything about a cup until after plaintiff's fall. In the absence of any evidence to suggest how long the cup was in the parking lot, plaintiff cannot establish that defendant had constructive knowledge of the cup and there was no material question of fact warranting a trial. See *Lowrey v LMPS & LMPJ, Inc*, __ Mich __; __ NW2d __ (2016) (Docket No. 153025); slip op at 10; *Goldsmith v Cody*, 351 Mich 380, 389; 88 NW2d 268 (1958).

In contrast to this conclusion, plaintiff and the trial court focused on a recent decision of this Court in *Grandberry-Lovette v Garascia*, 303 Mich App 566, 575; 844 NW2d 178 (2014) and defendant's alleged failure to affirmatively establish, at the summary disposition stage, that defendant had engaged in a reasonable inspection regime that consisted of more than mere "casual inspection." Indeed, much of the parties' appellate arguments focus on *Grandberry-Lovette* and a related, more recent decision of this Court, *Lowrey v LMPS & LMPJ, Inc*, 313 Mich App 500; 885 NW2d 638 (2015), rev'd *Lowrey*, __ Mich __; slip op 2. Briefly summarized, both decisions of this Court indicate that, typically, a premises possessor's duty of inspection requires more than mere "casual inspection" and that, when a defendant seeks summary disposition based on a lack of constructive notice the defendant must prove a lack of constructive notice by coming forward with evidence to affirmatively establish what constitutes a

---

[3] See Restatement 2d of Torts § 343, Reporter's Note ("Where the condition is temporary in its nature, [the invitee's] burden may require proof that it has existed for a sufficient length of time to permit the inference that reasonable care would have led to its discovery.").

[4] At most, plaintiff notes that, *after* her fall, an employee mentioned a cup to her and a cup was found after her fall. But, she conceded that this unnamed employee gave no indication of how long the cup had been in the parking lot or whether he had seen the cup before plaintiff's fall. That an unknown employee had knowledge of a cup after the fact does not give rise to an inference that the cup had been in the parking lot for such a long duration as to support the inference that defendant should have known of the cup's presence.

reasonable inspection under the circumstances as well as proof of the inspection regime actually employed by the defendant. See *Lowrey*, 313 Mich App at 515-517; *Grandberry-Lovette*, 303 Mich App at 577-579.

However, the Michigan Supreme Court recently reversed *Lowrey* and held that this Court's decision in *Lowery* was "inconsistent" with the standard for deciding summary disposition motions under MCR 2.116(C)(10).[5] *Lowery*, __ Mich at __; slip op at 7. In particular, the Supreme Court reiterated the proper standards for deciding a motion under MCR 2.116(C)(10), making plain that a defendant moving for summary disposition need not present evidence to negate an element of the plaintiff's claim, but may be entitled to summary disposition as a result of the "nonmoving' party's failure to produce evidence sufficient to demonstrate an essential element of its claim." *Lowery*, __ Mich at __; slip op at 7. For example, in the context of a premises liability action, a defendant need not affirmatively prove that it lacked notice of the condition; the defendant need only show that the plaintiff has presented insufficient evidence to establish that the defendant had constructive notice. *Id.*; slip op at 7-8. Indeed, applying the proper summary disposition standards in the context of notice as it relates to a defendant's inspection regime, the Supreme Court stated:

> [T]his Court has never required a defendant to present evidence of a routine or reasonable inspection under the instant circumstances to prove a premises owner's lack of constructive notice of a dangerous condition on its property. The Court of Appeals erred when it imposed this new condition on premises owners seeking summary disposition.
>
> Rather, as earlier discussed, defendant could establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice. [*Id.*; slip op at 8.]

In short, this Court's decision in *Lowery* is no longer good law. Consequently, defendant was not required to affirmatively prove that it lacked notice. Nor was defendant required to present evidence of its inspection regime or what constituted a reasonable inspection under the circumstances. Instead, defendant was entitled to summary disposition because, as we have discussed, plaintiff failed to set forth sufficient evidence to establish that defendant had actual or constructive notice of the white cup. See *id.*; slip op 9-10.

## III. OPEN AND OBVIOUS

As a second basis for summary disposition, defendant also argues on appeal that the white cup in question was an open and obvious danger, such that defendant had no duty to protect plaintiff from this hazard. We agree.

---

[5] The Court also determined that *Grandberry-Lovette* was incorrect to the extent that it supported this Court's conclusions in *Lowery* "regarding a defendant's burden of proof on a motion for summary disposition or the elements necessary to prove constructive notice." *Lowery*, __ Mich at __; slip op at 8 n 2.

As noted, "[w]ith regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner*, 492 Mich at 460. "Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id.* However, this duty does not typically require a premises possessor to protect or warn an invitee in relation to "open and obvious" dangers "because such dangers, by their nature, apprise an invitee of the potential hazard, which the invitee may then take reasonable measures to avoid."[6] *Id.* at 461. Because the question of duty in a tort action is an issue for the court and "the issue of the openness and obviousness of a hazard is an 'integral part' of the question of duty, establishing whether a duty exists in light of the open and obvious nature of a hazard is an issue within the province of the court." *Id.* at 476.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Id.* at 461. This test is an objective one, concerned with "the objective nature of the condition on the premises," *id.,* and whether "a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous," *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008). For example, without other indicia to indicate a hazard, a condition that is "invisible or nearly invisible, transparent, or nearly transparent" will not typically be considered open and obvious. *Id.* at 483. See also *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 104; 804 NW2d 569 (2010). The lighting at the time of the accident may also be a consideration when determining whether a danger is open and obvious. See, e.g., *Abke v Vandenberg*, 239 Mich App 359, 362; 608 NW2d 73 (2000).

In this case, plaintiff claims that the open and obvious doctrine is inapplicable given that the flattened white cup became "practically invisible" while it was lying on a white parking space line in the low evening lighting in the parking lot. However, viewing the evidence in a light most favorable to plaintiff, it is plain that the cup constituted an open and obvious danger. In this respect, plaintiff described the cup as "long" white cup, similar to a "Big Gulp" type cup.[7] Further, plaintiff indicated that the cup was "waxed." In other words, plaintiff described a large white cup of an obviously different texture than the ground. Thus, even if the cup was "flattened" and the same color as the white line, it would be easily visible on casual inspection.

To some extent, plaintiff appears to acknowledge that the cup would generally be visible on casual inspection. That is, in disputing the visibility of the cup, plaintiff emphasizes the low

---

[6] A premises possessor may have a duty with respect to open and obvious dangers that have certain "special aspects," but there has been no suggestion that the cup at issue had any special aspects. See generally *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 517; 629 NW2d 384 (2001).

[7] The evidence must be viewed in a light most favorable to plaintiff, meaning that we will assume that the cup was "white" as described by plaintiff instead of marked by a colorful Taco Bell logo as asserted by defendant.

lighting in the parking lot at the time of her fall, which she contends hindered her ability to see the white cup on the white line.[8] But, plaintiff's own deposition establishes that the store lights were turned on, that she was able to see her black boots against the black ground as she walked, and that she had no difficulty navigating areas where "the levels are a little different when you're walking." Quite simply, according to plaintiff's own descriptions, the lighting was not so dark as to obscure objects, even on a like-colored background. Indeed, most tellingly, although plaintiff did not see the cup before she fell, she acknowledged that she was not looking at the ground at the time she stepped on the white line. In contrast, after her fall, she conceded that she "look[ed] back" and she could see the cup on the white line. That the cup was visible on casual inspection immediately after the fall—in the same lighting conditions—demonstrates that it would have been visible on casual inspection before the fall. Cf. *Kennedy*, 274 Mich App at 713-714.

In short, plaintiff's own deposition establishes that the cup would have been visible to an ordinary user on casual inspection. Cf. *id.* Because the cup constituted an open and obvious danger, defendant had no duty to protect or warn plaintiff of the hazard. *Hoffner*, 492 Mich at 460-461. Defendant was entitled to summary disposition on this basis.[9]

Reversed and remanded for entry of summary disposition in favor of defendant. Having prevailed in full, defendant may tax costs pursuant to MCR 7.219.

/s/ Michael J. Talbot
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra

---

[8] There is some factual debate surrounding the lighting in the parking lot, but viewing the evidence in plaintiff's favor, we will assume that it was "getting dark" as described by plaintiff and that the "pole" lights in the parking lot were not yet giving off light.

[9] Given our conclusion that defendant was entitled to summary disposition based on the application of the open and obvious doctrine as well as defendant's lack of notice of the allegedly unsafe condition, we need not reach defendant's third argument with respect to whether summary disposition should have also been granted because there was insufficient evidence to create a material question of fact regarding causation.